# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Donovan J. Foster,

Plaintiff(s),

v.

The United States of America, et al.,

Defendant(s).

No. CV 22-8522-GW-AGRx

**STANDING ORDER RE FINAL PRE-TRIAL CONFERENCES FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H. WU**

1. You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements.

2. At least twenty-one (21) days prior to the Final Pre-Trial Conference (henceforth "FPTC"), counsel for each party and pro per litigants[1] must have prepared and exchanged with each other all of the following:

---

[1] While the Court does not expect pro per litigants to have any legal training or experience, most of the requirements in this Order either do not require legal knowledge per se or are matters which the pro per litigant will have to address anyway at the trial (e.g., knowing what witnesses and exhibits he or she will be presenting, selecting the jury instructions that he or she will be asking the Court to read to the jury, etc.). This Court believes that it would be as helpful for pro per litigants, as it is for attorneys, to address those matters prior to trial in order for all of the trial participants to be better prepared and the trial to proceed more smoothly. Therefore, contrary to Local Rule 16-12(c), this Court will require pro per litigants, to the extent they are able, to participate in meeting the pre-trial conference obligations for civil jury trials delineated in this Order.

a) a list of pre-marked exhibits which that party intends to use at trial,[2]

b) copies of the exhibits which are on the list (except that exhibits previously provided during discovery and Bates-stamped need not be produced again),

c) a list of witnesses which that litigant intends to call at trial,

d) marked deposition transcripts as required by paragraph 7, below,

e) an initial version of the short statement of the case to be read to the jury panel,

f) proposed jury instructions, and

g) any verdict forms that a party wishes to utilize.

3. At least ten (10) days before the FPTC, all counsel and pro se litigants will meet and confer in person so that at least five (5) days before the FPTC, the parties will have filed and provided to the Court "joint" versions of the following:

a) joint statement of the case,

b) joint exhibit list (with any concomitant objections),

c) joint witness list,

d) joint proposed jury instructions,

e) joint special verdict forms (if any), and

f) stipulation(s) of facts as per Local Rule 16-2.2.

By "joint", the Court means that the materials will be contained in a single document signed by all counsel and pro per litigants. In the preparation of said document, no party shall have the right to veto (i.e., exclude from the document) material proffered by any other party. However, areas of dispute or other differences shall be noted. For example, as to the joint statement of the case, the sections which are agreed upon by all parties would be in regular type while the portions submitted by one litigant and contested by one or more of the others would be denoted by different fonts, *italicized*, underlined, or **in bold**. Further, where there are disagreements, the bases for each dispute will be noted in a brief footnote to the relevant section of the joint submission in question.

---

[2] Rebuttal exhibits need not be placed on the list. However, actual rebuttal exhibits are (like hen's teeth) extremely rare. If the court determines that an undisclosed exhibit is not in fact a rebuttal exhibit, said item will be excluded from the trial.

4. As to the joint exhibit list, the parties are to employ the following format:[3]

| Exhibit Number | Party Offering | Description | If objection(s), briefly state the ground(s) | Response to objection(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

If all the parties stipulate to the admissibility of an exhibit or if there are no objections to it on the exhibit list, it may be used by either side at any point in the trial after jury selection including the opening statements and closing arguments.

Any and all objections to an exhibit must be included in the joint exhibit list. Any objections not so included will be deemed by this Court to have been waived. Do not submit blanket or boilerplate objections as they will be disregarded and overruled.

In numbering and marking the exhibits, the parties are to follow Local Rules 16-6 and 26-3.

5. As to each witness on the joint witness list, the parties shall state the name of the witness, the party(s) calling the witness, and provide an estimate of the amounts of time for the witness's direct and cross-examinations. If there is an objection to the witness's being called at trial, the opposing party must file a motion in limine to resolve the dispute in advance of trial or the objection will be deemed to have been waived, unless the Court finds that the basis for the objection arose after the FPTC.

6. The proposed jury instructions are to be placed in the order in which they are to be read to the jury and printed in booklet form (i.e., fitting multiple instructions sequentially on each page). Normally, there should be: 1) a "Preliminary Instructions" section with items such as Ninth Circuit Manual of Model Jury Instructions - Civil (henceforth "9th Cir. Jury Instructions") Nos. 1.1C,

[3] In order to fit all of the necessary information into the limited spaces on the form, for this document the parties can utilize as low as 9 point font, if they so desire.

1.6, 1.7, 1.9 through 1.11, etc.[4]; 2) a "Cause(s) of Action/Affirmative Defense(s)" section which delineates the elements of each claim and defense; 3) a "Damages" section which describes the types of damages (e.g., economic, non-economic, future, punitive, etc.), and 4) a "Closing Instructions" section with items such as 9th Cir. Jury Instructions Nos. 3.1 through 3.4.

This Court has a preference for established/published jury instructions (such as the 9th Cir. Jury Instructions) over those specially prepared by counsel in the instant case because the former have usually survived some appellate review. As to the established form jury instructions, where the claim arises under federal law, counsel should initially refer to the applicable provisions in the 9th Cir. Jury Instructions. Where the claim is based on California law, either the Judicial Council of California Civil Jury Instructions (henceforth ("CACI") or California Jury Instructions - Civil (henceforth "BAJI") may be used. The Court has no objection to the parties' selection of various items from the different publications (i.e., mixing and matching) so long as each instruction is identified by its source and there are no overlaps or discrepancies. Where there is no applicable form instruction on a particular matter and counsel are drafting specific language, they are to include reference to the statutory, regulatory or case law which supports that language.

The most recent version of any form instruction is to be utilized. Any blanks or spaces are to be filled in by the parties. Modifications of established jury instructions from the various sources must specifically indicate the change(s) made to the original form instruction and cite to the authority supporting the modification(s).

In addition to the joint proposed jury instruction booklet, the parties are to provide the court with a table listing each proposed instruction and the following information (at the time of the FPTC, only the first two columns need to be filled out):

---

[4] The Court will usually give the jury an initial set of instructions (henceforth "Initial Set"), after the voir dire is completed and the actual panel is sworn in, just before opening statements of counsel. In addition to the standard instructions (such as 9th Cir. Jury Instruction Nos. 1.1A, 1.2, etc.), the parties may request that the Court include in the Initial Set those instructions which state the essential elements of the cause(s) of action or affirmative defenses on which the respective parties bear the burden of proof.

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rejected | Given | Given as Modified | Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

Each juror will receive a written copy of the jury instructions at the close of the evidentiary phase of the trial. The jury will be instructed prior to closing arguments.

Before giving the instructions and/or verdict forms to the jury, the Court will meet with counsel and pro per litigants near the close of trial to finalize the versions of those documents.

7. Where a party seeks to present a witness's testimony at trial by way of a deposition, at least twenty-one (21) days prior to the FPTC, that party will provide the opposing side with a copy of the witness's deposition transcript with the parts it seeks to proffer marked in blue. Seven (7) days later, the opposing side will return the transcript indicating in red any objections it has to the parts selected by the originating party and also designating any portions which the opposing side wishes to have read to the jury. At least ten (10) days before the FPTC, the parties will meet and confer to resolve any differences regarding the deposition testimony. Should there be any disputes which the parties cannot resolve, at least five (5) days before the FPTC, the parties will lodge with the court: 1) a marked copy of the deposition transcript indicating the portions agreed upon and the parts in dispute, and 2) a joint filing delineating the parties' respective positions on the disputed parts. The Court will resolve those disputes at the FPTC.

At the trial, the marked deposition will be read to the jury by counsel unless some other method is agreed upon. If the deposition was taken by way of video, the edited videotape can be played to the jury.

8. The parties are requested to reach as many stipulations of fact as they can before trial in order to reduce trial time, simplify the proceedings, and make the process more intelligible

to the jurors. Such stipulations can be read to the jury or handed out in written form at the start of the trial if requested by the parties.

9. All motions in limine are to be filed and personally served no later than twenty-one (21) days before the FPTC. Any oppositions to said motions are to be filed and personally served ten (10) days before the FPTC. Any replies are to be filed and personally served four (4) days before the FPTC and courtesy copies are to be delivered to Court chambers.

Motions in limine would include making requests: 1) to exclude an item of evidence or a witness from the trial, 2) to bifurcate issues, 3) for the court to take judicial notice, or 4) for any unusual procedure during the trial such as having the jury visit a particular location or conducting an experiment in court, etc.[5] However, do not waste the Court's and your opponent's time by making general boilerplate motions in limine such as a "Motion to Exclude at Trial All Evidence Not Previously Produced During Discovery".[6]

Remember, motions in limine are covered by the meet and confer requirements of Local Rule 7-3.

10. On the first day of trial, parties will jointly present sets of binders containing all of the pre-marked documentary and photographic exhibits for: 1) the court, 2) the court clerk (who receives the originals), and 3) the witness box. Each exhibit shall be separated by a tabbed divider indicating the exhibit number on the right hand side.

If the trial revolves around a limited set of key documents/exhibits and if the parties have stipulated to the admissibility of those items, the parties can request the jurors be provided with their own exhibit binders at the start of the trial.

---

[5] Motions in limine are not meant to serve as a vehicle for resolving discovery disputes which should have already been decided before the close of discovery or for attempting to re-litigate prior judicial decisions. Further, motions in limine are not a substitute for a timely made motion for summary judgment or adjudication.

[6] Any motion to exclude evidence not produced during discovery would have to specify the particular exhibit(s) or witness(es) to be excluded, the exact discovery requests which required their revelation, and the opposing party's purported deficient response.

Also, if any party potentially intends to use deposition testimony to impeach a witness (or for any other purpose), a copy of the deposition transcript is to be lodged with the court clerk on the first day of trial.

11. Courtroom 9D presently has available a Wolfvision Visualizer Z-9.4F (an "ELMO" like device with laptop computer connections), a 40-inch flat screen monitor for the gallery, and concomitant desk top monitors at the judge's bench, the witness stand, the jury box, and attorney tables. If a party elects to utilize the court's equipment, counsel are advised to learn how to operate the equipment <u>before</u> trial begins. If counsel are bringing their own audio/visual apparatus (or have any other logistical issue, *e.g.*, a large number of boxes or exhibits), they must make arrangements with the court clerk at least three (3) business days in advance of trial.

If interpreters are required for any witness, the party calling that witness bears the burden of supplying an interpreter.

12. At the FPTC, an inquiry will also be made as to any scheduling problems and an attempt will be made to accommodate parties, attorneys and witnesses at trial.[7] However, the failure to raise such a scheduling issue at the FPTC will normally mean that the problem will not be later considered by the Court.

During the trial, each party must advise its opponent(s) at least 24 hours in advance of the witnesses which it plans to call for the next day. Likewise, any chart or other item of demonstrative evidence (which is otherwise not a pre-marked exhibit) must be shown to the opponent(s) at least 48 hours before its intended use so that a hearing can conveniently be heard outside the presence of the jury, if necessary.

---

[7] Because trials are set with lengthy advance notice, it is expected that the parties, counsel and witnesses will have cleared their calendars for purposes of the trial. Nevertheless, it is understood that certain situations (<u>e.g.</u> a non-party doctor witness who is not a retained expert) may arise where accommodations will be necessary. At the FPTC, the parties should be knowledgeable as to their witnesses' schedules. Upon a proper showing, the Court will allow witnesses to be taken out of order.

The parties are expected to have their witnesses stacked such that there will be no delay between the time one witness is excused and the next one is called. Should there be any instance where a party is unable to call a witness for more than thirty (30) minutes, the Court will deem that side to have rested.

13. At the FPTC, the Court will discuss with the parties which of the causes of action and affirmative defenses will, in fact, need to be tried to the jury. At that time, the Court will review the time estimate for the trial and, if necessary, set a specified time table for each party to present its claims/defenses (including the imposition of time limits on opening statements and closing arguments). Since the Court's allotment of time to try the case will inevitably be less than the parties' estimate, the Court will allocate the time generally giving the plaintiff's side 55% to 60% and the defendant's side 45% to 40%.[8] The Court will keep track of the time taken by each side.

14. Voir dire examinations will primarily be conducted by the Court. See Federal Rules of Civil Procedure ("FRCP") 47(a). Each side will be allowed a *brief* period to ask follow-up questions. Parties are to submit at the FPTC any questions that they want the Court to ask the jurors. Prior to the voir dire, the Court will indicate if any of the proposed questions are objectionable or if the Court will decline to ask particular question(s) but will allow the counsel to ask it/them during their allotted time.

If the case is complex or raises "delicate issues" and if the parties stipulate in advance, they can submit a proposed written jury questionnaire form at the FPTC.

15. It is this Court's normal practice to allow jurors to ask questions of witnesses during the trial using the procedure set forth in 9th Cir. Jury Instruction No. 1.15. If any party objects to such juror questioning, it should raise that issue at the FPTC.

---

[8] Because plaintiffs have the initial burden of proof and they also have to establish the factual background for the disputes, the Court normally will give them a little more than half the trial time to present their case. The Court will deviate from that normal course in such situations as where the defendants' counterclaims predominate or where there is only one plaintiff and a multitude of defendants.

16. Other Trial Matters

a) No speaking objections. If an attorney wishes to make an objection, say the word "objection" and the word or phrase that delineates its basis (e.g. "hearsay," "lack of foundation," etc.). The challenged attorney is not to give a response unless specifically asked to do so by the Court.

b) Court hours. Judge Wu hears motions on Mondays and Thursdays and therefore the starting time for those days will vary depending upon the number and nature of the matters on his morning calendar. Normal trial hours are from 8:30 a.m. to 12:00 p.m. and 1:15 p.m. to 5:00 p.m. There will be one morning and one afternoon break of about 10 to 15 minutes.

c) Punctuality. The first time a party's counsel is late, the Court will verbally admonish. The second time, the Court will have brought the jury into the courtroom and counsel can explain their whereabouts/tardiness directly to the jury. The third time, the court will sanction monetarily.

d) Use of podium. Counsel are expected to use the podium when questioning witnesses and may not approach the jury or witness boxes unless counsel has asked and obtained permission from the Court beforehand.

e) Moving exhibits. Counsel should move an exhibit into the record at the time the exhibit is initially shown to a witness (unless the exhibit list indicates that no party has objected to its admissibility). The Court will not allow parties to recall witnesses to remedy defects in the initial testimony as to the admissibility of exhibits.

f) Advising parties and witnesses. Counsel and pro per litigants are ordered to advise their parties and witnesses that, during the trial, they are not to have any contact either directly or indirectly with any juror. Should counsel fail to so advise those persons and one of them attempts to interface with a juror, the Court will hold the attorney in violation of this order.

Counsel are also instructed to advise their witnesses of any of this Court's applicable evidentiary rulings, so that witnesses do not blurt out previously excluded evidence in front of the jury. Counsel will also admonish their clients, witnesses and related persons that they are not to respond to particular testimony or to any ruling of this Court with observable facial expressions,

body movements (such as head nodding or shaking) or commentary indicating their agreement or non-agreement.

g) Multiple counsel. If a party has more than one trial counsel, the Court will start/resume the trial once any one of the attorneys is present. Also, only one attorney may question or cross-examine a witness, and/or make objections to questions or answers of a particular witness. "Double teaming" will not be allowed.

17. The Court will re-address the topic of settlement at the FPTC.

**IT IS SO ORDERED.**

DATED: November 28, 2022

George H. Wu

HON. GEORGE H. WU
United States District Judge