E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8341
Facsimile: (213) 894-7819
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DONOVAN J. FOSTER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:22-cv-08522-GW-AGR

**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT AND DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**

(*[Proposed] Order, Declaration of Karen L. Rivera-Lebron, and Declaration of Oswaldo Tapia filed concurrently herewith*)

Hearing Date: April 13, 2023
Hearing Time: 8:00 a.m.
Ctrm: 9D
Hon. George H. Wu

# TABLE OF CONTENTS


| DESCRIPTION | PAGE |
| --- | --- |
| NOTICE OF MOTION AND MOTION TO DISMISS | iv |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. LEGAL STANDARDS | 2 |
| A. Rule 12(b)(1) Standard | 2 |
| B. Rule 12(b)(6) Standard | 3 |
| C. Documents Subject to Judicial Notice | 3 |
| III. SUMMARY OF PLAINTIFF'S ALLEGATIONS | 4 |
| IV. PROCEDURAL HISTORY | 5 |
| V. ARGUMENT | 5 |
| A. Plaintiff's Exclusive Remedy for the Denial of His VA Benefits Request is Through the VJRA, Not the FTCA | 5 |
| B. Even if Plaintiff's Claim was Cognizable Under the FTCA, Plaintiff's Claim is Time-Barred | 10 |
| VI. CONCLUSION | 11 |

# TABLE OF AUTHORITIES

PAGE

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3

*Cato v. U.S.*,
70 F.3d 1103 (9th Cir. 1995) .......... 2

*Galbraith v. Cty. of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002) .......... 4

*Hicks v. Small*,
69 F.3d 967 (9th Cir. 1995) .......... 7

*Jablon v. Dean Witter & Co,*
614 F.2d 677 (9th Cir. 1980) .......... 3

*Jones v. U.S.*,
727 F.3d 844 (8th Cir. 2013) .......... 7

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .......... 4

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) .......... 2

*Lee v. City of L.A.*,
250 F.3d 668 (9th Cir. 2001) .......... 4

*Mackay v. Pfeil*,
827 F.2d 540 (9th Cir. 1987) .......... 2

*Malik v. Department of Veteran Affairs*,
2020 WL 3871446 (C.D. Cal. Jul. 8, 2020) .......... 10

*McCarthy v. U.S.*,
850 F.2d 558 (9th Cir. 1988) .......... 2

*Menendez v. U.S.*,
67 F. Supp. 2d 42 (D.P.R. 1999) .......... 7

*Quarles v. U.S.*,
731 F. Supp. 428 (D. Kan. 1990) .......... 7, 8, 9

*Recinto v. U.S. Dept. of Veterans Affairs*,
706 F.3d 1171 (9th Cir. 2018) .......... 9

*Rooks v. Fritz*,
2019 WL 7584246 (C.D. Cal. Nov. 26, 2019) .......... 10

*Rosen v. Walters*,
719 F.2d 1422 (9th Cir. 1983) .......... 7, 8

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) .......... 2

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*,
343 F.3d 1036 .......... 2

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .......... 3

*Thomas v. Principi*,
394 F.3d 970 (D.C. Cir. 2005) .......... 7

*Tunac v. U.S.*,
897 F.3d 1197 (9th Cir. 2018) .......... 6

*U.S. v. Corinthian Colleges*,
655 F.3d 984 (9th Cir. 2011) .......... 4

*U.S. v. Kubrick*,
444 U.S. 111 (1979) .......... 10, 11

*U.S. v. Mitchell*,
445 U.S. 535 (1980) .......... 2

*U.S. v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 3

*U.S. v. Testan*,
424 U.S. 392 (1976) .......... 2

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
65 F.Supp.3d 932 (C.D. Cal. 2014) .......... 3

*Veterans for Common Sense v. Shinseki*,
678 F.3d 1013 (9th Cir. 2012) .......... 9

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) .......... 2

**STATUTES**

28 U.S.C. § 1346(b)(1) .......... 1

28 U.S.C. § 2401(b) .......... iv, 10, 11

38 U.S.C. § 511(a) .......... 1, 6

38 U.S.C. § 7292(c) .......... 6

**REGULATIONS**

38 C.F.R. § 20.3(e) .......... 6

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on April 13, 2023 at 8:00 a.m., or as soon thereafter as it may be heard, defendant United States of America ("United States") will, and hereby does, move this Court for an order dismissing plaintiff Donovan J. Foster's ("Plaintiff") Complaint with prejudice. This Motion will be made before the Honorable George H. Wu, United States District Judge, Courtroom 9D, located in the First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

The United States brings this Motion on the grounds that the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the Department of Veterans Affairs' ("VA") denial of Plaintiff's application for compensation and/or pension was a VA benefits request denial and thus is a decision that should have been appealed under the Veterans' Judicial Review Act, 38 U.S.C. § 511(a), in United States Court of Appeals for Veterans Claims. 38 U.S.C. § 511(a). Even if the Court had jurisdiction, the Complaint fails under Fed. R. Civ. P. 12(b)(6). Plaintiff's claims were cognizable under the Federal Tort Claims Act ("FTCA"), and Plaintiff's claims for redress for the denial of veterans benefits in 2009 is time-barred under the FTCA's statute of limitations. 28 U.S.C. § 2401(b).

This Motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Karen L. Rivera-Lebron and exhibits thereto, the Declaration of Oswaldo Tapia and exhibits thereto, filed concurrently herewith, all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on February 23, 2023.

Dated: March 8, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 21, 2022, Plaintiff filed a complaint alleging negligence against the United States of America[1] under to the FTCA. Plaintiff alleges that he suffered harm because the VA denied his Application for Compensation and/or Pension, originally submitted in October 2009 (the “2009 Application”).

Because the VA was unable to locate Plaintiff’s service medical records, it could not evaluate Plaintiff’s benefits request. Accordingly, the VA denied Plaintiff’s 2009 Application. Plaintiff claims that this denial precluded him from receiving necessary treatment and resulted in the deterioration of his mental health. In 2019, the VA recovered Plaintiff’s service medical records and granted Plaintiff’s requests for benefits pursuant to his newly submitted Application for Disability Compensation and Related Compensation Benefits (the “2019 Application”). Plaintiff, however, claims that despite receiving benefits from the VA after submitting 2019 Application, the VA’s denial of his original 2009 Application precluded him from receiving medical treatment, which in turn exacerbated his mental health issues and left him permanently disabled.

Plaintiff’s Complaint is both legally and factually deficient. First, the VA’s denial of the 2009 Application was a denial of VA benefits and thus a decision that should have been appealed under the Veterans’ Judicial Review Act (“VJRA”). If an error occurred during the benefits administration process, the United States Court of Appeals for Veterans Claims has sole jurisdiction to review benefits decisions and procedures. 38 U.S.C. § 511(a). Second, Plaintiff’s allegations concerning the denial of the 2009 Application are time-barred by the FTCA’s statute of limitations.

For these reasons, the United States respectfully requests that the Court dismiss Plaintiff’s Complaint with prejudice and without leave to amend.

---

[1] Plaintiff initially named the VA and VA Secretary Denis McDonough as additional defendants. On February 28, 2023, the parties filed a joint stipulation to voluntarily dismiss the VA and the Secretary. Dkt. 13. Any attempt to name any entity or individual other than the United States is improper. 28 U.S.C. § 1346(b)(1).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

The United States, as sovereign, is immune from suit unless it consents to being sued. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); *U.S. v. Testan*, 424 U.S. 392, 399 (1976); *Cato v. U.S.*, 70 F.3d 1103, 1107 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of this limited jurisdiction . . . , and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Accordingly, dismissal is appropriate when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1); *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

A challenge to subject matter jurisdiction may be asserted as either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "[The court] also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039, n. 2 (9th Cir. 2003), *cert. denied,* 541 U.S. 1009 (2004).

**B. Rule 12(b)(6) Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, courts are not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor are courts required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

**C. Documents Subject to Judicial Notice**

In ruling on a Rule 12 motion, a court may consider the allegations in the Complaint as well as documents attached to the Complaint, incorporated by reference in the Complaint, matters of public record, or facts otherwise subject to judicial notice. *See Jablon v. Dean Witter & Co,* 614 F.2d 677, 682 (9th Cir. 1980); *Vasserman v. Henry Mayo*

*Newhall Mem'l Hosp.*, 65 F.Supp.3d 932, 942 (C.D. Cal. 2014). For instance, the district court may take judicial notice of material even if not physically attached to the complaint, if its authenticity is not contested and it is necessarily relied upon within the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds, Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Moreover, the Court may take judicial notice of federal agency denial letters, since it is from a source, "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992).

## III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a former member of the United States Army and served honorably from October 10, 2007, to July 23, 2008. Dkt. 1 ("Compl.") ¶ 14, Exh. 3, p. 2. In October 2009, Plaintiff submitted an Application for Compensation and/or Pension, VA Form 21-526, with the VA (the "2009 Application"). Compl. ¶ 15; Declaration of Oswaldo Tapia ("Tapia Decl.") ¶ 4, Exh. 1. After several attempts were made to locate Plaintiff's service medical records, the VA informed Plaintiff on May 3, 2010 that it was unsuccessful in locating his records. Tapia Decl. ¶ 5, Exh. 2. The VA requested Plaintiff's assistance to find his service medical records and asked him to send any service medical records in his possession or to provide it with "buddy" certificates (statements made by persons with knowledge of Plaintiff's service history and disability confirming such information), among other helpful documentation. *Id.* Plaintiff provided no such documentation. *Id.* Accordingly, on May 21, 2010, the VA denied the 2009 Application. Compl. ¶ 15; Tapia Decl. ¶ 6, Exh. 3. The VA has no records indicating that Plaintiff either appealed this decision or submitted a Request for Reconsideration. *Id.* ¶ 7.

Ten years later, on February 13, 2019, Plaintiff submitted an Application for Disability Compensation and Related Compensation Benefits (the "2019 Application"). *Id.* ¶ 8, Exh. 4. The VA recovered Plaintiff's previously missing service medical records

and granted Plaintiff's request for VA disability benefits. *Id.* ¶ 9, Exh. 5.

On November 6, 2020, Plaintiff submitted a Form 95 administrative tort claim against the VA alleging negligence. Declaration of Karen L. Rivera-Lebron ("Rivera-Lebron Decl.") ¶ 4, Exh. 1. Plaintiff asserts that because the VA purportedly misplaced his service medical records from 2009 to 2019, he was prevented from "receiving timely and effective [mental health] treatment for [his] later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress [Disorder] ('PTSD')." *Id.*; Compl. ¶ 17. Plaintiff claims that because he was deprived of VA benefits, namely psychiatric and psychological treatment, his mental health condition declined and led to his subsequent "permanent and total disability." Compl. ¶ 18. On January 6, 2021, the VA denied Plaintiff's administrative tort claim, explaining that because his claim involved the administration of VA benefits, it was not cognizable under the FTCA. Rivera-Lebron Decl. ¶ 5, Exh. 2. Rather, Plaintiff's claim was reviewable solely under the VJRA. *Id.* On February 13, 2021, Plaintiff submitted a Request for Reconsideration and the VA again denied Plaintiff's tort claim for the same reason. *Id.* ¶¶ 6, 7, Exhs. 3, 4; Compl., Exh. 2.

## IV. PROCEDURAL HISTORY

Plaintiff filed the instant Complaint on November 21, 2022, alleging only one cause of action: negligence. Dkt. 1. Plaintiff had previously filed an identical complaint in the Central District of California on March 15, 2022. *See Foster v. United States, et al.*, no. 2:22-cv-01702-FWS-PVC, Dkt. No. 1. On November 21, 2022, Judge Slaughter dismissed the action without prejudice for lack of prosecution for failure to comply with the court's order. *Id.*, Dkt. 38. The very same day, Plaintiff initiated a new and identical action—the instant Complaint.

## V. ARGUMENT

### A. Plaintiff's Exclusive Remedy for the Denial of His VA Benefits Request is Through the VJRA, Not the FTCA

Plaintiff's claim concerns VA benefits (specifically, the VA's past decision denying benefits), and therefore may only be reviewed under the exclusive jurisdiction of the

VJRA. *See* § III *supra*. Congress has limited the judicial review of decisions affecting veteran benefits. Section 511(a) of Title 38 states, in pertinent part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by another official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). In keeping with this mandate, the United States has established a multitiered system of judicial review created by the VJRA. *See* Pub. L. No. 100-687, Div. A, §101, 102 Stat. 4105 (1988) (codified in various sections of Title 38). A claimant takes any appeal of a decision denying benefits first to the Board of Veterans' Appeals—an appellate body within VA—and thereafter to the "exclusive jurisdiction" of the Court of Appeals for Veterans' Claims. 38 U.S.C. §§ 511(a), 7104(a) & 7252(a). Subsequent review is available in the Federal Circuit (38 U.S.C. § 7292(c)), and ultimately the United States Supreme Court. *See In re Russell*, 155 F.3d 1012, 1012 (8th Cir. 1998) (describing VJRA path of review). In this case, Plaintiff does not allege that he sought review of the VA's decision to deny his 2009 Application. Rather, Plaintiff's claim for damages is *entirely* based on the alleged consequences of the VA's denial of the 2009 Application. *See* Compl. ¶¶ 26-30.

Courts have interpreted 38 U.S.C. § 511(a) (and its predecessor statute, § 211(a)) broadly to bar FTCA claims that seek review of VA decisions denying veterans' benefits. *See Tunac v. U.S.*, 897 F.3d 1197 (9th Cir. 2018) (FTCA claim alleging veteran's death was caused by the VA's failure to schedule treatment "did not give rise to a reasonable inference that VA medical professionals breached their duty of care, but rather [sought]

relief for the type of administrative negligence in scheduling appointments that must be channeled through the VJRA"); *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983) (rejecting attempts to circumvent provisions of [§ 511] through the Privacy Act); *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) (VJRA preempts suit brought under FTCA for reduction of VA benefits as retaliatory measure); *see also Quarles v. U.S.*, 731 F. Supp. 428 (D. Kan. 1990) (FTCA claim alleging the National Archives negligently destroyed records needed to receive VA benefits is not cognizable); *Menendez v. U.S.*, 67 F. Supp. 2d 42 (D.P.R. 1999) (veteran plaintiff could not circumvent VJRA jurisdiction by pleading that he did not seek judicial review of the VA's decision to deny benefits while seeking injunction prohibiting the denial of VA benefits).

"[A] plaintiff may not circumvent the bar on judicial review established by . . . § 511(a), by cloaking his claims regarding the denial of benefits in the garb of constitutional or other statutory violations." *Menendez*, 67 F. Supp. 2d at 46. This is so because "[r]egardless of how plaintiff chooses to cloak his claims, the Court finds that his suit would force the Court to decide the issue of negligence only as a precursor to a determination regarding the propriety of the denial of benefits to plaintiff." *Id.* at 47. Similarly, a plaintiff cannot evade the VJRA's exclusive jurisdiction by reframing the damages sought. *See Jones v. U.S.*, 727 F.3d 844, 848 (8th Cir. 2013) (suit is barred when evaluating a benefits decision is necessary to the claim even if relief other than the granting or restoration of benefits is sought, including emotional damages resulting from the deprivation of benefits); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (holding that plaintiff's claim regarding VA's failure to "render the appropriate medical care services that are delivered to alleviate a harmful medical condition," which Plaintiff claims led to his severe emotional distress, would require the court to act as the VA and was thus barred under the VJRA). Courts nationwide have consistently held the same when addressing attempts to litigate VA benefits matters outside the VJRA framework.

*Rosen* is particularly instructive. In *Rosen*, the plaintiff, a World War II Army veteran, sought VA benefits to address his coronary disease diagnosis after claiming it

was related to a war-time illness. *Rosen*, 719 F.2d at 1422-1423. The plaintiff's multiple applications for VA benefits were all denied and he filed suit under the Privacy Act "for the improper destruction of his medical records which, he argues, resulted in the adverse VA disability decision." *Id.* at 1423.

In affirming the district court's dismissal, the Ninth Circuit noted the two main purposes of the VJRA's exclusive-jurisdiction provision: "(1) it ensures that the courts and the VA will not be burdened by litigation over veterans' benefits claims; and (2) it insures uniformity in the technical determinations and application of benefits legislation and VA policy." *Id.* at 1424. When applying these principles, the Court affirmed the district court's dismissal of the plaintiff's Privacy Act claim, stating that it would "require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, Rosen should have been awarded disability benefits":

> This would involve a review of the prior adverse VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the Veterans Administration itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained.

*Id.* at 1425. The same is true here. Plaintiff's action and claimed damages stem from the VA's denial of his 2009 Application. Plaintiff contends that, but for the denial of the 2009 Application, his mental health would not have deteriorated and would not have led to a permanent disability. Compl. ¶¶ 17-19. Therefore, the Court would have to engage in precisely the type of inquiry *Rosen* precludes.

In *Quarles*, the plaintiff, another World War II Army veteran, brought a FTCA claim contending "that he suffered damages when the United States negligently destroyed his military medical records." *Quarles*, 731 F. Supp. at 429. In 1978, the plaintiff applied for VA disability benefits, claiming that his hypertension and diabetes mellitus were service-connected disabilities, entitling him to increased pension payments. *Id.* However,

five years prior to the request, his service medical records were lost in a fire at the National Personnel Records Center in St. Louis, Missouri. *Id*. Consequently, the VA denied the plaintiff's application for VA benefits and his appeal. *Id*. The plaintiff brought a FTCA claim, claiming damages caused by the denial of his application for disability benefits, naming the National Archives as the negligent party. *Id.* at 429-430. Initially, the court acknowledged that naming the National Archives, rather than the VA, as the negligent actor "would seem to remove it from the preclusive effect" of the VJRA, but the court relied on *Rosen*, reasoning:

> [P]laintiff's claim would require the court to determine whether another governmental agency negligently failed to maintain his records *and* whether, but for the missing records, plaintiff should have been awarded disability benefits. This would involve a review of the prior VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the VA itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained.

*Id.* at 431. Similarly, here, Plaintiff's claim would require the Court to determine whether the VA negligently failed to maintain his records and whether, but for the missing records, Plaintiff should have been awarded disability benefits.

Instead, Plaintiff should have followed the administrative and judicial review procedures set forth in the VJRA, as he was instructed to do multiple times. *See* Rivera-Lebron Decl. ¶¶ 5, 7. The Ninth Circuit has confirmed the VJRA's preclusive effect: "Congress has **expressly disqualified us from hearing cases related to VA benefits** . . . ." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (emphasis added); *see also Recinto v. U.S. Dept. of Veterans Affairs*, 706 F.3d 1171, 1175 (9th Cir. 2018) (affirming that "a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions."). Similar conclusions have also been held in recent cases even within this

District. *See Malik v. Department of Veteran Affairs*, 2020 WL 3871446, at *3-5 (C.D. Cal. Jul. 8, 2020) (granting motion to dismiss for lack of jurisdiction over plaintiff's VA benefits related claims due to the VJRA's jurisdictional bar) (Honorable Philip S. Gutierrez); *Rooks v. Fritz*, 2019 WL 7584246, at *2-3 (C.D. Cal. Nov. 26, 2019) (affirming that cases involving benefits owed to veterans are under the VJRA's exclusive jurisdiction), *report and recommendation adopted*, 2020 WL 227894 (C.D. Cal. Jan. 14, 2020) (Honorable Consuelo V. Marshall). Because the VJRA precludes district court review, the United States respectfully requests that the Court dismiss the action with prejudice for lack of subject matter jurisdiction.

**B. Even if Plaintiff's Claim was Cognizable Under the FTCA, Plaintiff's Claim is Time-Barred**

Even assuming *arguendo* that Plaintiff's claim was cognizable under the FTCA, it would nevertheless be time-barred by the FTCA's statute of limitations. Section 2401(b) of Title 28 states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date . . . of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). In *U.S. v. Kubrick*, 444 U.S. 111, 124 (1979), the Supreme Court held that a claim's accrual does not wait for the plaintiff to become aware that his injury was negligently inflicted. *Id.* at 118-122. Rather, "[a] claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury . . . ." *Id.* at 111.

Here, Plaintiff claims his injury occurred on or around November 25, 2019: the date in which the VA informed him that the 2009 Application was denied because it "lost or mislabeled" his service medical records. Compl. ¶¶ 16, 28, Exhs. 1, 3. Plaintiff ignores that he was previously informed of the same information in May 2010 when the VA told him his application was denied because "[n]o service medical records were available for

review" and that the VA's "[e]fforts to obtain medical records from all potential sources were unsuccessful." Tapia Decl. ¶ 5, Exh. 2. Because Plaintiff knew of both the existence and the cause of his claimed injury in May 2010, the statute of limitations for Plaintiff's administrative tort claim would have expired in May 2012. *See Kubrick*, 444 U.S. at 111; 28 U.S.C. § 2401(b). Plaintiff, however, did not make an administration tort claim before the statute had run. *See* Tapia Decl. ¶ 7. Therefore, Plaintiff's claim is time-barred by the statute of limitations.

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant this Motion. Because the defects identified above cannot be remedied, the United States requests that Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

Dated: March 8, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America

**Certificate of Compliance under L.R. 11-6.2**

The undersigned, counsel of record for Defendant, certifies that this brief contains 3,709 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney