VERONICA M. AGUILAR, ESQ. (SBN 153288)
**LAW OFFICES OF VERONICA M. AGUILAR**
16870 West Bernardo Drive, Suite 400
San Marcos, CA 92127
Telephone: (858) 674.6945
veronica@vaguilarlaw.com

Attorney for Plaintiff,
**DONOVAN J. FOSTER**

**THE UNITED STATES DISTRICT COURT IN AND FOR**

**THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, The DEPARTMENT OF VETERANS AFFAIRS, AN AGENCY OF THE UNITED STATES OF AMERICAN, AND SECRETARY DENIS McDONOUGH, an Individual.<br><br>Defendant(s). | Case No.: CV 22-01702-FWS (PVCx)<br><br>**PLAINTIFF DONOVAN J. FOSTER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>HEARING DATE: APRIL 13, 2023<br>HEARING TIME: 8:00 A.M.<br>CTRM: 9D<br>HON.: GEORGE H. WU |

**I.**

## INTRODUCTION

As stated herein, Plaintiff is a U.S. Army Veteran who served honorably for One year and two months. Plaintiff is a "Beneficiary[1], Claimant[2], and Eligible

[1] *See* 38 C.F.R. § 70.2 Beneficiary means "a person determined eligible for VHA Benefits."

Person[3]," and as such is entitled to receive all "examinations, treatment, or care," as prescribed under U.S.C. § 111. Plaintiff is also eligible for "examinations, treatment, or care," as prescribed under the "Medical Benefits Package" 38 C.F.R. § 17.38, which includes but, is not limited to "Basic and Preventive Care" and "Reimbursement Travel," pursuant to the provisions of both 38 U.S.C. § 111 et seq. and 38 C.F.SR. § 70 et seq., and VA Regulatory policies and procedures. All benefits and entitlements are to be obtained from the Department of Veterans' Affairs.

In October 2009, Plaintiff submitted to the Department of Veterans Affairs, a Veteran's Application for compensation and/or pension, VA Form 21, -526. Per the Department of Veterans Affairs decision dated May 14, 2010, Plaintiff's denied because his service department records and/or treatment records both terms have been used by the Department of Veterans Affairs were completely unavailable and nowhere to be found.

In or about November 26, 2019, Plaintiff was informed by the Department of Veterans Affairs in writing that his service department records had been lost and/or mislabeled. This flagrant negligent act by the Defendants caused infinite and endless harm and personal injury to Plaintiff.

---

[2] *See* 38 C.F.R. § 70.2, Claimant means "a veteran who received services (or his/her guardian) or the hospital, clinic, or community resource that provided the services, or the person other than the veteran who paid for the services."

[3] *See* 38 C.F.R. § 70.10.

The denial of the claim decision by Defendants, dated May 14, 2010, precluded Plaintiff from receiving necessary and needed mental health treatment from the Department of Veterans Affairs facilities. In addition, the unavailability of Plaintiff's service department records and/or service treatment records precluded Plaintiff from receiving timely and effective treatment for Plaintiff's later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress ("PTSD).

The Department of Veterans Affairs and Plaintiff's private physician, Dr. Amir Ahuja concluded Plaintiff's Bipolar II Disorder with Anxious Distress negatively progressed extensively throughout the approximate ten years between 2009 to 20219, while Plaintiff's service records were unavailable. During that time, Plaintiff was unable to receive medical, psychiatric, and psychological treatment. A s a result, Plaintiff's Bipolar II Disorder with Anxious Distress was left untreated and as such, led to permanent and total disability, per the Department of Veterans Affairs.

The opinion of the Department of Veterans Affairs physicians and psychiatrists and Plaintiff's personal physician, Dr. Amir Ahuja did, in fact, conclude if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records, he would have received the proper treatment and his condition of Bipolar II Disorder with Anxious Distress would not have exacerbated his disability to a point of one hundred percent (100%) disability. As a result of Defendants' acts and/or omissions and failures to maintain Plaintiff's service records, Plaintiff's 100% disability rating now prevents him from gainful employment.

`The Department of Veterans Affairs also confirmed the loss of Plaintiff's left index finger was due to dermatophagia Plaintiff experienced during a manic episode while on active-duty service and was, in fact, related to his service. Plaintiff's PTSD also confirmed by the Department of Veterans Affairs, due to his service.

`As a result, Plaintiff suffered ten (10) year of being undiagnosed as Bipolar II Disorder with Anxious Distress and PTSD. In addition, Plaintiff's loss of his index finger has caused insurmountable pain and suffering.

## II.

## LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The court should draw all reasonable inferences in the non-movant's favor. *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1,7(D.D.C. 1995). A motion under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim, not whether the plaintiff will prevail on the merits. *See Glymph v. District of Columbia*, 180 F. Supp. 2d 111, 113 (D.D.C. 2001); FED.R.Civ.P. 12(b)(6).

The court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions. *See Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37(D.D.C. 1999).

In addition to subject matter jurisdiction, due process requires federal courts to possess personal jurisdiction over a non-resident defendant such that rendering judgment with respect to that defendant comports with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). A challenge to personal jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(2). Personal jurisdiction requires the court to have either general jurisdiction or specific jurisdiction over a non-resident defendant. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 411—15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ("Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation.") (citing Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485, 63 Ohio Law Abs. 146 (1952), and Keeton v. Hustler Magazine Inc., 465 U.S. 770, 779—80, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)).

General jurisdiction arises when a plaintiff demonstrates that a non-resident defendant maintains continuous and systematic contacts that essentially render the

defendant at home in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2852, 180 L. Ed. 2d 796 (2011). Specific jurisdiction exists when a defendant maintains sufficient minimum contacts within a foreign jurisdiction. International Shoe Co., 326 U.S. at 316. "Sufficient minimum contacts" tests the extent to which a defendant purposefully avails himself of the benefits and protections of the forum state in order for the exercise of jurisdiction to be consistent with fair play and substantial justice. J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2787, 180 L. Ed. 2d 765 (2011).

While Rule 8(a) merely requires a "short and plain statement" of facts showing entitlement to relief, the pleadings must maintain a level of detail that gives the defendant fair notice of the claims and the grounds upon which the claims rest. Fed. R. Civ. P. 8(a); Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Allegations that are challenged by a Rule 12(b)(6) motion must be construed in the light most favorable to the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

/ / /

/ / /

/ / /

## III

## ARGUMENT

The Supreme Court has on two occasions had the opportunity to discuss the scope of § 211(a) the predecessor to 38 U.S.C §511. In *Johnson v. Robison,* 415 U.S. 361, 94 S. Ct. 1160, 39 L. Ed. 2d 389 (1974), the Court considered the issue of whether § 211(a) precluded federal courts from entertaining constitutional challenges to veterans' benefits legislation. The Court noted that two primary purposes were served by the enactment of § 211(a): (1) it insures that the courts and the VA will not be burdened by litigation over veterans' benefits claims; and (2) it insures uniformity in the technical determinations and applications of benefits legislation and policy. *Id.* at 370, 94 S. Ct. at 1167. Those purposes permitted the Court to limit the preclusion of review provided in § 211(a) to only "those decisions of law or fact that arise in the *administration* by the Veterans Administration of a *statute* providing benefits for veterans." *Id.* at 367, 94 S. Ct. at 1165. The Court concluded that these purposes would not be frustrated if federal courts were permitted to exercise jurisdiction over constitutional challenges to the very statute that was sought to be enforced. *Id.* at 373, 94 S. Ct. at 1168-69. The Court noted that such challenges "cannot be expected to burden the courts by their volume, nor do they involve technical consideration of Veterans' Administration policy." *Id.*

///

///

A. Rosen Is Not Instructive:

In *Traynor v. Turnage,* 485 U.S. 535, 108 S. Ct. 1372, 99 L. Ed. 2d 618 (1988), the Supreme Court considered the question of whether § 211(a) bars judicial review of a claim that a VA regulation discriminates against handicapped persons in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Again, the Supreme Court found that this issue was not foreclosed from judicial review by § 211(a). *Id.* at 545, 108 S. Ct. at 1380. The Court found that the text and legislative history of § 211(a) provided no clear and convincing evidence of any congressional intent to preclude a suit claiming that the Rehabilitation Act has invalidated an otherwise valid regulation issued by the VA and purporting to have the force of law. *Id.* at 543, 108 S. Ct. at 1379. The Court noted that the issue presented concerned whether the law sought to be administered is valid in light of a subsequent statute whose enforcement is not the exclusive domain of the VA. *Id.* at 543-44, 108 S. Ct. at 1379-80. The Court determined that permitting such a case to go forward would not undermine the purposes of § 211(a) since the courts would not be involved in the technical determinations and application of benefits legislation and VA policy, and the courts and the VA would not be burdened with litigation over veterans' benefits claims. *Id.* at 544, 108 S. Ct. at 1379.

Similar to Foster, in *Vietnam Veterans of Am., Inc. v. McNamara* (2003) LEXIS 25840, the Court reasoned and held that Plaintiff did have a cognizable claim for lost VA records.

In that matter, Defendants cited *Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996), *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983), *Pellerin v. Veterans Administration*, 790 F.2d 1553 (11th Cir. 1986), and *Quarles v. United States*, 731 F. Supp. 428 (D. Kan. 1990), to support their argument that VA has exclusive jurisdiction to decide plaintiffs' claims. Mr. Weaver appealed VA's denial of his benefits claim, which was clearly covered by § 511(a) and the Secretary's exclusive determination. He also advanced claims of fraud and other torts against VA employees. The Tenth Circuit looked at these claims separately but determined that each really sought "review of actions taken in connection with the denial of Weaver's administrative claim for benefits" and therefore was within the Secretary's jurisdiction. *Id.* at 520. *Weaver* supports dismissal of the allegations against the defendants here who work for the VA because they are alleged only to have relied erroneously on information given to them by DoD. It does not speak to the allegations of deliberate misinformation from DoD to the plaintiffs. (*emphasis added*).

*Rosen, Pellerin* and *Quarles* appear more useful. Rosen sued under the Privacy Act for damages resulting from VA's or some other agency's loss of his service records. Plaintiff's case was dismissed because "Rosen's damage claim would require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, Rosen should have been awarded disability benefits." 719 F.2d at 1425.

*Pellerin* was also a Privacy Act case that would have required the court to decide whether missing records caused VA to reach an adverse benefits decision. 790 F.2d at 1555. Quarles sought damages from the National Archives, in the amount of denied veterans' benefits, because a fire at the National Personnel Records Center had destroyed his service records. 731 F. Supp. at 431 (" Plaintiff's claim would require the court to determine whether another governmental agency negligently failed to maintain his records *and* whether, but for the missing records, plaintiff should have been awarded disability benefits." (emphasis in original)). These cases bear a strong resemblance to Foster's claims in that Plaintiff complains about missing records and seek damages.

In *Vietnam Veterans (supra)* The Court held the differences, however, are more compelling. Similar to Plaintiff Foster, The *Vietnam* Court specifically stated "Plaintiffs have brought an access-to-court claim under the United States Constitution, not an appeal about benefits decisions.

Section511(a) "insulates from review . . . decisions made in interpreting or applying a particular provision of that statute to a particular set of facts." *Traynor v. Turnage*, 485 U.S. 535, 543, 99 L. Ed. 2d 618, 108 S. Ct. 1372 (1988). "The questions of law presented in [this] case, however, arose under the Constitution rather than under the veterans' benefits statute." *Id.; see also Johnson v. Robison*, 415 U.S. 361, 39 L. Ed. 2d 389, 94 S. Ct. 1160 (1974) (veterans' statute did not preclude federal courts from hearing constitutional challenges). "

Again, the *Vietnam* court state "Common sense supports the conclusion that this Court has jurisdiction over this particular set of claims. Can the VA benefits process adjudicate whether former Defense Secretary Robert McNamara (and other defendants) intentionally hid, or ordered hidden, information about Project SHAD so that they might avoid personal liability for exposing Navy personnel during the test program? These are the essential allegations against the defendants in the amended complaint. Looked at this way, it is evident that the VA benefits program is irrelevant except that it is the venue for the plaintiffs' underlying claims, access to which has allegedly been denied because records have been hidden and defendants have intentionally and affirmatively misled the plaintiffs.

B. Foster Does Not Seek Court Intervention In The Technical Determination and Application of Benefits:

The common denominator and critical question is: would the court be involved in the technical determination and application of benefits legislation and VA policy? The answer in this matter is no!

Plaintiff Foster did not request the court's involvement in the technical determination and application of benefits legislation or "technical consideration of Veterans' Administration policy." as the Supreme Court stated in *Johnson v. Robison,* 415 U.S. 361, 94 S. Ct. 1160, 39 L. Ed. 2d 389 (1974). As such, Plaintiff Foster's claim is viable and recognizable; thus, Plaintiff's case must not be dismissed.

"The right to sue and defend in the courts [] is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship.'" Harbury v. Deutch, 344 U.S. App. D.C. 68, 233 F.3d 596, 607 (D.C. Cir. 2000), *rev'd on other grounds sub nom.*, *Christopher v. Harbury*, 536 U.S. 403, 153 L. Ed. 2d 413, 122 S. Ct. 2179 (2002) (quoting *Chambers v. Baltimore & Ohio R.R.*, 207 U.S. 142, 148, 52 L. Ed. 143, 28 S. Ct. 34, 6 Ohio L. Rep. 498 (1907)). "The right not only protects the ability to get into court, but also ensures that such access be adequate, effective, and meaningful." *Id.* (internal citations omitted). This right extends to proceedings before administrative agencies as well as courts. *See* *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972).

*Christopher v. Harbury* is the most recent Supreme Court discussion of the nature of an "access" suit. 536 U.S. 403. Such a case does not exist in a vacuum to remedy allegations of government misinformation. A plaintiff or class of plaintiffs must have, or must have had in the past, a legal claim that is, or was, frustrated in its prosecution because of affirmative official action. "The very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong. . . . The right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 414-415.

**IV.**

**CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss or in the alternative, Plaintiff request the Court grant Plaintiff leave to Amend his Complaint.

Respectfully submitted,

Dated: March 24, 2023 **LAW OFFICES OF VERONICA M. AGUILAR, A.P.C**

/s/ Veronica M. Aguilar
Veronica M. Aguilar, Attorney for Plaintiff
DONOVAN J. FOSTER