E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8341
Facsimile: (213) 894-7819
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN J. FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:22-CV-08522-FWS-PVC<br><br>Hearing Date: May 11, 2023<br>Hearing Time: 10:00 a.m.<br>Location: Santa Ana, Ctrm. 10D<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

**<u>THE UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## I. INTRODUCTION

Defendant United States of America submits this Reply Memorandum in support of its Motion to Dismiss Plaintiff's Complaint (the "Motion"). In opposition to the Motion, Plaintiff fails to refute the Defendant's primary argument: the alleged harm suffered by Plaintiff stems from the Department of Veterans Affairs' ("VA") denial of his 2009 Application for Compensation and/or Pension ("2009 Application") and therefore subjects the instant case to the exclusive jurisdiction of the Veterans' Judicial Review Act's ("VJRA") framework. Therefore, Plaintiff's claim is not cognizable under the Federal Tort Claims Act ("FTCA") and the Court lacks subject matter jurisdiction over the present case.

Additionally, Plaintiff's opposition fails to substantively distinguish Defendant's instructive case law from the instant case. In the inverse, Plaintiff's reliance on *Vietnam Veterans of Am., Inc. v. McNamara*, No. 02-2123, 2003 U.S. Dist. LEXIS (D.D.C. Sept. 30, 2003), an unpublished and factually inapplicable case, is unavailing. Finally, Plaintiff's failure to respond to Defendant's timeliness argument further supports its position that even if Plaintiff's claim was cognizable under the FTCA, it would nevertheless be time-barred. For the reasons set forth below and in its Motion, Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice.

## II. THE VJRA HOLDS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S COMPLAINT

In opposition to the Motion, Plaintiff argues that because he does not seek the Court's "involve[ment] in the technical determination and application of benefits legislation and VA policy," Plaintiff's Complaint is not subject to the VJRA's preclusive jurisdictional effects. Dkt. 17 at 11:14-20. This argument, however, contradicts his opposition's "Introduction" section, where Plaintiff ties his alleged damages to the VA's denial of his 2009 Application. *Id.*, p. 3:1-28 (". . . if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records [which led to the denial of his 2009 Application], he would have received the proper treatment and his condition . . . would not have exacerbated his disability . . . ."). Plaintiff has not and cannot separate the VA's

misplacement of his service medical records from the denial of the 2009 Application in an attempt to evade the VJRA's exclusive jurisdiction: the two events are intrinsically intertwined.

Furthermore, Plaintiff's opposition fails to address the cases cited by Defendant or why the Court should not apply their holdings here. Defendant's Motion identifies two cases that analyzed scenarios in which the plaintiffs' service medical records were either lost or inadvertently destroyed and the negative effect it had on their subsequent applications for VA benefits: *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983) and *Quarles v. U.S.*, 731 F.Supp. 428 (D. Kan. 1990). In both cases, the courts found that the plaintiffs' claims were precluded from review pursuant to the VJRA, just as Defendant argues here. Indeed, not only does Plaintiff's opposition fail to distinguish these cases in any meaningful manner, but it instead supports Defendant's position and concedes their applicability: "**These cases bear a strong resemblance to Foster's claims in that Plaintiff complains about missing records and seek[s] damages.**" Dkt. 17 at 10:12-13 (emphasis added).

## III. PLAINTIFF'S RELIANCE ON *VIETNAM VETERANS OF AM., INC. V. MCNAMARA* IS UNAVAILING

In support of Plaintiff's opposition to the Motion, he relies primarily on *Vietnam Veterans of Am., Inc. v. McNamara*, No. 02-2123, 2003 U.S. Dist. LEXIS 25840 (D.D.C. Sept. 30, 2003). Plaintiff's reliance on *McNamara* is misplaced as it is unpublished and factually dissimilar. Therefore, *McNamara* is not instructive in the instant case.

In *McNamara*, a plaintiff veterans organization brought a *Bivens* action on behalf of an alleged class against the defendants, the former Secretary of Defense and others, alleging that the defendants intentionally concealed evidence of dispersal testing to prevent the plaintiffs from proving any connection between their disabilities and their military service, and therefore could not receive veterans' benefits. *McNamara*, at *6. There the court held that the VJRA did not preclude its review over the plaintiffs' claim:

/ / /

> Common sense supports the conclusion that this Court has jurisdiction over this particular set of claims. Can the VA benefits process adjudicate whether former Defense Secretary Robert McNamara (and other defendants) intentionally hid, or ordered hidden, information about Project SHAD so that they might avoid personal liability for exposing Navy personnel during the test program? . . . [I]t is evident that the VA benefits program is irrelevant except that it is the venue for the plaintiffs' underlying claims, access to which has allegedly been denied because records have been hidden and defendants have intentionally and affirmatively misled the plaintiffs.

*Id.*, *22-23. Here, Plaintiff's sole cause of action is that of *negligence* and, as such, Plaintiff makes no claim of intentional malfeasance or misconduct against the United States. Dkt. 1. In fact, unlike to the government's alleged intentional hiding of the plaintiffs' medical records in *McNamara*, Defendant made several attempts to recover Plaintiff's service medical records and even asked for Plaintiff's help in the event he had copies of his service medical records in the instant case. *See* Dkt. 15-2 at 14-19. Furthermore, a principal concern of the *McNamara* plaintiffs was the government's alleged attempts to prevent the plaintiffs' access to the court system to seek relief, but here, Defendant provided Plaintiff with instructions on how to seek relief for his claim under the VJRA's framework multiple times. *See* Dkt. 15-1 at 5-6, 12. Accordingly, the factual dissimilarities between *McNamara* and the instant case are considerable.

Plaintiff's reliance on *McNamara* is further demonstrated by the fact that approximately two-thirds of the opposition's "Argument" section appear to be a nearly verbatim copy-and-paste of the *McNamara* court's analysis. *See* Dkt. 17 at 9:1-10:13, *compare McNamara*, at *19-23; *see also* Dkt. 17 at 12:1-28, *compare McNamara*, at *16-17. The similarities between the two became apparent when Plaintiff's opposition stated that Defendant's Motion relied on two non-binding cases that were in fact not cited in the Motion: *Weaver v. U.S.*, 98 F.3d 518 (10th Cir. 1996) and *Pellerin v. Veterans Administration*, 790 F.2d 1553 (11th Cir. 1986). Dkt. 17 at 9:1-20.

## IV. PLAINTIFF FAILS TO ADDRESS DEFENDANT'S TIMELINESS ARGUMENT

Finally, Plaintiff's opposition fails to address the alternative argument made in Defendant's Motion: that even if Plaintiff's claim was cognizable under the FTCA, his claim would nevertheless be time-barred. Despite claiming that his injury occurred on November 25, 2019, the date in which the VA informed him that the 2009 Application had been denied because it "lost or mislabeled" his service medical records, Plaintiff's alleged injury occurred almost a decade earlier. In May 2010, the VA informed Plaintiff that his application had been denied because "[n]o service medical records were available for review" and that the VA's "[e]fforts to obtain medical records from all potential sources were unsuccessful." *See* Dkt. 15-2 at 17-19. Because the VA made Plaintiff aware of both the existence and the cause of his alleged injury in May 2010, Plaintiff's alleged injury accrued nearly a decade before he filed his claim, making this action untimely pursuant to section 2401(b) of Title 28. *See U.S. v. Kubrick*, 444 U.S. 111, 118-122 (1979) ("A claim accrues withing the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury. . . .").

Because Plaintiff's opposition fails to address this argument, it should be considered a conceded point and Plaintiff's claim, even if viewed as cognizable under the FTCA, should be dismissed. *See, e.g., Silva v. U.S. Bancorp*, No. 5:10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Lunn v. City of Los Angeles*, -- F.Supp.3d --, 2022 WL 4357436, at *4 (C.D. Cal. Sept. 20, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.") (citation omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *9 & n.2 (N.D. Cal. Mar. 10, 2010) (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (dismissing claims as abandoned where the plaintiff did not oppose dismissal); *In re TFT-LCD (Flat Pan el) Antitrust Litig.*,

586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned" and could not be raised on appeal).

## V. CONCLUSION

For the reasons set forth in the Motion and above, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

Dated: March 30, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America