VERONICA M. AGUILAR (Cal. Bar No. 153288)
LAW OFFICES OF VERONICA M. AGUILAR
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 674-6945
E-mail: veronica@vaguilarlaw.com

Attorney for Plaintiff
Donovan J. Foster

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8341
        Facsimile: (213) 894-7819
        E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONOVAN J. FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:22-cv-08522-FWS-PVC<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date:   May 25, 2023<br>Hearing Time:   9:00 a.m.<br>Ctrm:           10D<br><br>Honorable Fred W. Slaughter<br>United States District Court |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Donovan J. Foster ("Plaintiff") and Defendant United States of America ("Defendant") (together, the "parties"), through their undersigned counsel, held their Rule 26(f) meet and confer conference on May 4, 2023. The parties hereby submit their Joint Rule 26(f) Report pursuant to Rule 26(f) and the Court's Order dated March 29, 2023.

I. **Joint Rule 26(f) Report**

    a. **Statement of the Case**

    Plaintiff's Statement:

Plaintiff alleges one count of negligence against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680. In pertinent part, Plaintiff alleges that his 2009 benefits application was denied due to the Department of Veterans Affairs' (the "VA") negligent misplacement of his medical service records. This denial precluded Plaintiff from receiving medical, psychiatric, and psychological treatment for approximately 10 years and led to Plaintiff's permanent and total disability.

    Defendant's Statement:

Defendant denies Plaintiff's negligence allegation and denies that Plaintiff is entitled to any damages. Defendant anticipates that it will move for summary judgment on the grounds of failure to state a claim (Fed. R. Civ. P. 12(b)(6)) and lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), as it already has with its currently pending Motion to Dismiss. *See* Dkt. 15-17, 22, and 23.

    b. **Subject Matter Jurisdiction**

Plaintiff asserts that the Court has subject matter jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant objections to this assertion; the Court is deprived of subject matter jurisdiction over this matter pursuant to the Veterans' Judicial Review Act, 38 U.S.C. § 511(a). Defendant contends that the appropriate forum for Plaintiff's claim is United States Court of Appeals for Veterans Claims.

    **c.**    **Legal Issues**

        1.    Whether Plaintiff can present a *prima facie* case for negligence.

        2.    Whether Plaintiff exhausted his administrative remedies, and whether his allegations are timely.

        3.    Whether the Court has jurisdiction over this claim when evaluated under the Veterans' Judicial Review Act, 38 U.S.C. § 511(a).

    **d.**    **Damages**

Plaintiff alleged in his Standard Form 95 that his damages were $92,288,776,984.00. Dkt. 1-1 at 2. Defendant denies that Plaintiff suffered any damages as a result of the VA's alleged negligence and denies that Plaintiff is entitled to any damages.

    **e.**    **Parties and Evidence**

<u>Plaintiff's Parties, Witnesses, and Documents:</u>

Plaintiff's identification of witnesses is not yet complete. Plaintiff will disclose those relevant witnesses as they become known to Plaintiff. Plaintiff identifies the following key documents: Plaintiff's medical records from the VA, Plaintiff's VA benefits applications, Plaintiff's request for Reconsideration and Appeal and the VA's application.

<u>Defendant's Parties, Witnesses, and Documents:</u>

Defendant's identification of witnesses is not yet complete. It will disclose relevant witnesses when they are known. Defendant identifies the following as key documents in this case: Plaintiff's VA benefits applications, Plaintiff's Request for Reconsideration and appeal, and the VA's application denials.

    **f.**    **Insurance**

There is no applicable insurance in this action.

    **g.**    **Manual for Complex Litigation**

The parties agree that this case is not complex and that the Manual for Complex Litigation should not be used.

/ / /

**h.  Motions**

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) has been fully briefed. *See* Dkt. 15-17, and 22. On May 9, 2022, the Court took the hearing off calendar and took the matter under submission. *See* Dkt. 23.

**i.  Dispositive Motions**

Defendant anticipates moving for summary judgment on the grounds stated herein, at subsections (a) and (h).

**j.  Status of Discovery**

Discovery has not yet commenced. *See* Discovery Plan, below.

**k.  Discovery Plan**

The parties do not propose that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1). The parties will make initial disclosures required by Rule 26(a)(1) on or before June 8, 2022.

The parties do not propose that any changes be made in the timing, form or requirement for disclosures under Rule 26(a)(2) or (3).

The parties anticipate discovery relating to Plaintiff's claims of negligence against the Defendant, and Plaintiff's purported damages. More specifically, the parties anticipate discovery into Plaintiff's VA care and benefits, Plaintiff's medical and mental health treatment outside the VA, the causation of Plaintiff's alleged decline of his mental health, the extent of the decline of Plaintiff's mental health, and Plaintiff's current disability status.

The parties intend to exchange written discovery and depose key witnesses as well as any lay or expert witnesses identified pursuant to Rule 26.

The parties do not propose that discovery be conducted in phases or limited to or focused on particular issues. The parties agree to produce scanned or hard copies of all relevant documents. The parties do not request that the Court change the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, nor do

the parties propose other limitations. The parties reserve the right to make such requests prior to the discovery cut-off date.

The parties do not propose any special procedure regarding privilege or protection of trial-preparation material. The parties will file a stipulation for protective order should a protective order be necessary.

### l. Discovery Cut-off

The parties propose that factual discovery should be completed on or before January 19, 2024. This discovery cut-off date shall operate as the completion date for all factual discovery, including the resolution of all discovery motions.

### m. Expert Discovery

The parties propose an initial expert disclosure date of February 2, 2024, a rebuttal expert disclosure deadline of February 16, 2024, and March 1, 2024, as the expert witness discovery cut-off date.

### n. Settlement Conference and Alternative Dispute Resolution

The parties have not yet engaged in settlement discussions. The parties have agreed to Settlement Procedure No. 2, to appear before a neutral selected from the Court's Mediation Panel, pursuant to Local Rule 16-15.4.

### o. Trial Estimate

Plaintiff contemplates calling 3-6 witnesses. At this time, Defendant anticipates 2-4 witnesses. The parties estimate that a bench trial will last approximately 2-3 days, including hearing on pretrial motions.

### p. Trial Counsel

Plaintiff will be represented by Veronica M. Aguilar. Defendant will be represented by Assistant United States Attorney Jonathan Russell Blakey.

### q. Magistrate Judge

The parties respectfully decline to consent to proceed before the Magistrate Judge at this time.

/ / /

**r.  Independent Expert or Master**

The parties do not believe this matter requires the appointment of an Independent Expert or Master.

**s.  Schedule Worksheet**

The parties' proposed schedule worksheet is attached hereto.

**t.  Class Actions**

Not applicable.

**u.  Other Issues**

The parties are not aware of any additional issues that the Court should address at this time.

Respectfully submitted,

Dated: May 11, 2023

LAW OFFICES OF VERONICA M. AGUILAR

  */s/ Veronica M. Aguilar*
VERONICA M. AGUILAR

Attorneys for Plaintiff
Donovan J. Foster

Dated: May 11, 2023

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America