UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC                                    Date: May 12, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [15]**

    Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") Complaint.[1] (Dkt. 15 ("Motion" or "Mot.").) Plaintiff opposes, (Dkt. 17 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 22 ("Reply")). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion. The court **DISMISSES WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** the Complaint. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order.

**I.    Background**

    Plaintiff is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD"). (Dkt. 1 ¶¶ 14, 17.) Plaintiff submitted an Application for Compensation and/or Pension, VA Form 21-526, to the United States Department of Veterans Affairs ("VA") in October 2009. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be

---

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion, and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC                                                            Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

located. (*Id.*)  On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.)  Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers.  (*Id.* ¶ 17.)  Per the Complaint, Plaintiff's treating physician opines that Plaintiff's Bipolar II Disorder symptoms negatively progressed while his condition went untreated from 2009 to 2019 and that Plaintiff experienced symptoms consistent with PTSD while serving in the Army.  (*Id.* ¶¶ 18-20.)

Plaintiff filed the Complaint on November 21, 2022.[2]  (*Id.*)  In it, Plaintiff raises a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records, which prevented him from receiving treatment for his conditions for approximately ten years.  (*Id.* ¶¶ 22-28.)  The Complaint asserts that this delay has caused Plaintiff's conditions to worsen, such that he "is now rated 100% disabled."  (*Id.* ¶ 29.)

**II.   Legal Standards**

   A.   <u>Rule 12(b)(1) Motion to Dismiss</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant's challenge under the Rule may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373

---

[2] As noted by Defendant, the court previously dismissed without prejudice a similar negligence action filed by Plaintiff for lack of prosecution and failure to file an appropriate document by the deadline set by the court.  *See* Order Dismissing Action, *Foster v. United States, et al.*, No. 2:22-cv-01702-FWS-PVC (C.D. Cal. Nov. 21, 2022) (Dkt. No. 38).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC                               Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

### III. Discussion

Defendant moves to dismiss this action on two grounds. First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-10; Reply at 2-3.) Second, even if the VJRA does not divest the court of jurisdiction, Defendant asserts the Complaint fails to state a claim under Rule 12(b)(6) because it is time-barred under the FTCA's two-year statute of limitations. (Mot. at 10-11; Reply at 4-5.) While Plaintiff maintains the court has jurisdiction over this action, Plaintiff does not address Defendant's statute of limitations argument. (*See* Opp. at 7-12.)

    A.    <u>The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA</u>

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC                                                   Date: May 12, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

___

*Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) ("*VCS*") (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *VCS*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

"§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *VCS*, 678 F.3d at 1025). § 511 precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *VCS*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-08522-FWS-PVC | Date: May 12, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *VCS*, 678 F.3d at 1034) (citation omitted).

The court concludes it lacks jurisdiction over Plaintiff's claim under § 511(a). The Ninth Circuit, sitting *en banc* in *VCS*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028. Here, Plaintiff's sole cause of action seeks a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the reason for its denial created an injurious delay in his receipt of necessary care. In effect, Plaintiff's claim requires the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See id.* Accordingly, § 511(a) divests the court of subject matter jurisdiction over his claim.

Plaintiff's argument to the contrary largely rests on his assertions his claim does not require "the court [to] be involved in the technical determination and application of benefits legislation." (*See* Opp. at 11.) To be sure, the Ninth Circuit has held that a plaintiff may bring an action against a VA "health care employee," including "support staff directly engaged in patient care" that "alleg[es] injury from a negligent medical decision" under the FTCA in federal district court without triggering the VJRA's jurisdiction-stripping provision. *Tunac*, 897 F.3d at 1205. But Plaintiff's claim seeks to hold the VA liable for alleged negligence in the *administration* of his claim, not in providing him *medical* services. Ultimately, "[t]he test is whether review requires consideration of predicate 'questions of law and fact . . . under a law that affects the provision of benefits.'" *Gila River*, 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)). The facts underlying Plaintiffs' claim—the VA's handling of his service and medical

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-08522-FWS-PVC | Date: May 12, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

records—necessitates the court's improper consideration of those predicate facts.  *See Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking.").  Because Plaintiff seeks relief for the "administrative negligence" rather than allege facts giving "rise to a reasonable inference that VA medical professionals breached their duty of care," his claim "must be channeled through the VJRA" instead of this court.  *See Tunac*, 897 F.3d at 1205-06 (citing *VCS*, 678 F.3d at 1026-28).

Because the court lacks jurisdiction over Plaintiff's claim, it dismisses this case without prejudice.  *See Ford v. Shinseki*, 538 F. App'x 803, 804 (9th Cir. 2013) (noting it is ordinarily proper to dismiss without prejudice where the dismissal is for lack of subject matter jurisdiction).

B.   The Court Grants Leave to Amend

Given the court lacks jurisdiction over Plaintiff's claim, it does not reach the merits of Defendant's statute of limitations argument.  *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").  However, Defendant relatedly argues the untimeliness of Plaintiff's claim under the FTCA and Plaintiff's failure to address this argument in the Opposition militate towards denying leave to amend.  (*See* Reply at 4-5.)

"Courts are free to grant a party leave to amend whenever 'justice so requires.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). However, where there is a "clear showing that amendment would be futile," the court may dismiss a plaintiff's complaint without giving them "at least one chance to amend" it.  *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).  As noted by Defendant, Plaintiff does not attempt to rebut Defendants' timeliness argument in the Opposition, (*see generally* Opp.), and amendment may be futile "when the claims are barred by the applicable statute of limitations," *see Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citation omitted).  Nevertheless, the court, in its discretion, will grant Plaintiff an opportunity

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:22-cv-08522-FWS-PVC | Date: May 12, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

to amend the Complaint if desired.  *See, e.g.*, *Harris v. Cnty. of Orange*, 902 F.3d 1061, 1067 (9th Cir. 2018) ("The decision of whether to grant leave to amend remains within the discretion of the district court.") (cleaned up).

IV.     **Disposition**

   For the reasons set forth above, the court **GRANTS** the Motion, **DISMISSES WITHOUT PREJUDICE** the Complaint, and **GRANTS LEAVE TO AMEND** the claims dismissed by this Order.  If Plaintiff wishes to file an amended complaint, Plaintiff must do so within **thirty (30) days** of this Order.  Failure to file an amended complaint by the stated deadline may result in the dismissal of this action with prejudice for failure to prosecute and/or comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1263 (9th Cir. 1992).

        **IT IS SO ORDERED.**

                                            Initials of Deputy Clerk:  mku