E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8341
    Facsimile: (213) 894-7819
    E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONOVAN J. FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:22-cv-08522-FWS-PVC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  August 17, 2023<br>Hearing Time:  10:00 a.m.<br>Ctrm:  10D<br><br>Honorable Fred W. Slaughter<br>United States District Judge |

1. DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

    PLAINTIFF'S FIRST AMENDED COMPLAINT

2. MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

| DESCRIPTION | PAGE |
|---|---|
| NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT | v |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. LEGAL STANDARDS | 1 |
|     A. Rule 12(b)(1) Standard | 1 |
|     B. Documents Subject to Judicial Notice | 2 |
| III. STATEMENT OF FACTS | 3 |
| IV. PROCEDURAL HISTORY | 4 |
|     A. Plaintiff's Initial Complaint and It's Dismissal | 4 |
|     B. Plaintiff's FAC | 5 |
| V. ARGUMENT | 5 |
|     A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FAC | 5 |
|         1. Plaintiff's Exclusive Remedy for the Denial of His 2009 Application for VA Benefits is Through the VJRA, Not the FTCA | 5 |
|         2. Multiple Causes of Action Alleged in the FAC are Improper Under the FTCA | 7 |
|         3. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's FAC is Time-Barred | 10 |
| VI. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                           PAGE

*Cato v. U.S.*,
   70 F.3d 1103 (9th Cir. 1995) ............................................................................. 2

*Cloes v. City of Mesquite*,
   582 F.App'x 721 (9th Cir. 2014) ..................................................................... 10

*Coleman v. U.S.*,
   912 F.3d 824 (5th Cir. 2019) ............................................................................. 9

*Federal Deposit Ins. Corp. v. Meyer*,
   510 U.S. 471 (1994) ..................................................................................... 7, 8

*Gage v. United States*,
   149 F.3d 918 ................................................................................................ 10

*Galbraith v. Cty. of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) ........................................................................... 3

*Hirano v. Williams*,
   2017 WL 11632461 (C.D. Cal. Mar. 24, 2017) ................................................ 9

*Jablon v. Dean Witter & Co*,
   614 F.2d 677 (9th Cir. 1980) ............................................................................. 3

*Kim v. United States*,
   940 F.3d 484 (9th Cir. 2019) ............................................................................. 9

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ........................................................................... 3

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994) .......................................................................................... 2

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) ............................................................................. 3

*Mackay v. Pfeil*,
   827 F.2d 540 (9th Cir. 1987) ............................................................................. 2

*McCarthy v. U.S.*,
   850 F.2d 558 (9th Cir. 1988) ...................................................................................2

*Nurse v. United States*,
   226 F.3d 996 (9th Cir. 2000) ..................................................................................10

*Owyhee Grazing Ass'n, Inc. v. Field*,
   637 F.2d 694 (9th Cir. 1981) ....................................................................................9

*Plater v. United States*,
   359 F.Supp.3d 930 (C.D. Cal. 2018) ......................................................................10

*Recinto v. U.S. Dep't of Veterans,
   Affs.*, 706 F.3d 1171 (9th Cir. 2013) ........................................................................7

*Richards v. United States*,
   369 U.S. 1 (1962) .....................................................................................................8

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ..................................................................................2

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*,
   343 F.3d 1036 .........................................................................................................2

*U.S. v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ....................................................................................3

*U.S. v. Kubrick*,
   444 U.S. 111 (1979) .........................................................................................10, 11

*U.S. v. Mitchell*,
   445 U.S. 535 (1980) .................................................................................................2

*U.S. v. Testan*,
   424 U.S. 392 (1976) .............................................................................................2, 8

*United Scottish Ins. Co. v. U.S.*,
   614 F.2d 188 (9th Cir. 1979) ....................................................................................9

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
   65 F.Supp.3d 932 (C.D. Cal. 2014) ..........................................................................3

*Veterans for Common Sense v. Shinseki*,
    678 F.3d 1013 (9th Cir. 2012) ..................................................................................7

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ..................................................................................2

*Woodbury v. United States*,
    313 F.2d 291 (9th Cir. 1963)....................................................................................9

**STATUTES**

28 U.S.C. § 1346(a)(2)...................................................................................................9

28 U.S.C. § 1346(b) .......................................................................................................8

28 U.S.C. § 2041(b) .....................................................................................................11

28 U.S.C. § 2401 ............................................................................................................1

28 U.S.C. § 2401(b) ...............................................................................................10, 11

28 U.S.C. § 2680 ............................................................................................................8

28 U.S.C. § 2680(a) ..................................................................................................8, 10

38 U.S.C. § 511(a) ......................................................................................................1, 6

38 U.S.C. § 7292(c) .......................................................................................................6

38 U.S.C. § 7316 ............................................................................................................6

**REGULATIONS**

38 C.F.R. § 20.3(e).........................................................................................................6

# NOTICE OF MOTION AND MOTION TO DISMISS
# PLAINTIFF'S FIRST AMENDED COMPLAINT

PLEASE TAKE NOTICE that, on August 17, 2023 at 10:00 a.m., or as soon thereafter as they may be heard, Defendant United States of America will, and hereby does, move this Court for an order dismissing Plaintiff Donovan J. Foster's First Amended Complaint. This motion will be made in the Ronald Reagan Federal Building and Courthouse before the Honorable Fred W. Slaughter, United States District Judge, located at 411 West Fourth Street, Santa Ana, CA 92701.

Defendant brings the motion on the following grounds:

1. The Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff's claims ultimately stem from the Department of Veterans Affairs' denial of Plaintiff's 2009 Application for Compensation and/or Pension. Pursuant to the Veterans' Judicial Review Act, 38 U.S.C. § 511(a), the appeal of any such denial of VA benefits should have been brought before the United States Court of Appeals for Veterans Claims;

2. In addition, the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because several of Plaintiff's alleged causes of action are not cognizable under the Federal Tort Claims Act; and

3. The Court lacks also subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff's allegations are time-barred.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

/ / /
/ / /
/ / /
/ / /
/ / /

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on June 14, 2023.

Dated: July 17, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   /s/ Jonathan Russell Blakey
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Donovan J. Foster filed his original Complaint on November 21, 2022, asserting a single cause of action for negligence based on the Department of Veterans Affairs' (the "VA") alleged failure to maintain Plaintiff's service and medical records. Dkt. 1. On May 12, 2023, the Court granted Defendant's motion to dismiss the Complaint, finding that the Court lacked jurisdiction under Section 511(a) of the Veterans' Judicial Review Act ("VJRA"). Dkt. 25.

On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC") alleging claims against Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"). Dkt. 29. Although the FAC alleges eight new causes of action, Plaintiff's claims continue to be based on the VA's processing and denial of his 2009 benefits application and are thus precluded by the VJRA. FAC ¶ 3; *see* 38 U.S.C. § 511(a). The United States Court of Appeals for Veterans Claims has exclusive jurisdiction to review benefits decisions and procedures pursuant to the VJRA. 38 U.S.C. § 511(a). Accordingly, this Court lacks jurisdiction over Plaintiff's claims.

In addition, Plaintiff's first, second, fifth, sixth and eighth causes of action alleged in the FAC are not cognizable under the FTCA. Not only do these causes of action fail to allege the requisite injury to person or property, as required by the FTCA, but they also include allegations that are expressly exempt from the FTCA's waiver of sovereign immunity. Finally, even if Plaintiff's claims were cognizable under the FTCA, they are all time-barred pursuant to 28 U.S.C. § 2401.

Because further amendment to Plaintiff's claims will not cure the above referenced defects, Defendant respectfully requests that the Court dismiss Plaintiff's FAC with prejudice and without leave to amend.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

The United States, as sovereign, is immune from suit unless it consents to being

1

sued. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); *U.S. v. Testan*, 424 U.S. 392, 399 (1976); *Cato v. U.S.*, 70 F.3d 1103, 1107 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of this limited jurisdiction . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted). Accordingly, dismissal is appropriate when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1); *Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

      A challenge to subject matter jurisdiction may be asserted as either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. "[The court] also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039, n. 2 (9th Cir. 2003), *cert. denied,* 541 U.S. 1009 (2004).

      **B.**     **Documents Subject to Judicial Notice**

      In deciding a Rule 12 motion, a court may consider the allegations in the complaint as well as documents attached to the complaint, incorporated by reference in the

complaint, matters of public record, or facts otherwise subject to judicial notice. *See Jablon v. Dean Witter & Co,* 614 F.2d 677, 682 (9th Cir. 1980); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F.Supp.3d 932, 942 (C.D. Cal. 2014). For instance, the district court may take judicial notice of material even if not physically attached to the complaint, if its authenticity is not contested and it is necessarily relied upon within the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds, Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Moreover, the Court may take judicial notice of federal agency denial letters, since it is from a source, "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992).

### III. STATEMENT OF FACTS

Plaintiff is a former member of the United States Army and served honorably from October 10, 2007, to July 23, 2008. *See* Dkt. 15-2 (Declaration of Oswaldo Tapia ("Tapia Decl.")), Ex. 5.[1] In October 2009, Plaintiff submitted an Application for Compensation and/or Pension (VA Form 21-526) to the VA (the "2009 Application"). Tapia Decl. ¶ 4, Ex. 1. After several attempts were made to locate Plaintiff's service medical records, the VA informed Plaintiff on May 3, 2010 that it was unsuccessful in locating his records. *Id*. ¶ 5, Ex. 2. The VA requested Plaintiff's assistance to find his records and asked him to submit any records in his possession or "buddy" certificates (statements made by persons with knowledge of Plaintiff's service history and disability confirming such information), among other helpful documentation. *Id*. Plaintiff failed to provide any documentation. *Id*. Accordingly, on May 14, 2010, the VA denied the 2009 Application. *Id*. ¶ 6, Ex. 3. The VA has no records indicating that Plaintiff appealed this decision or submitted a Request for Reconsideration. *Id*. ¶ 7.

---

[1] Mr. Tapia's declaration and the referenced exhibits were originally submitted in support of Defendant's first Motion to Dismiss (Dkt. 15) and are referenced again here.

Ten years later, on February 13, 2019, Plaintiff submitted an Application for Disability Compensation and Related Compensation Benefits (the "2019 Application"). *Id.* ¶ 8, Ex. 4. This time, the VA was able to recover Plaintiff's missing records and granted Plaintiff's request for VA disability benefits. *Id.* ¶ 9, Ex. 5.

On November 6, 2020, Plaintiff submitted an administrative tort claim (Standard Form 95) against the VA, alleging negligence. *See* Dkt. 15-1 (Declaration of Karen L. Rivera-Lebron ("Rivera-Lebron Decl.")) ¶ 4, Ex. 1.[2] Plaintiff asserts that because the VA purportedly misplaced his service medical records from 2009 to 2019, he was prevented from receiving timely and effective mental health treatment leading to his subsequent "permanent debilitating injury." *Id*. On January 6, 2021, the VA denied Plaintiff's administrative tort claim, explaining that because his claim involved the administration of VA benefits, it was not cognizable under the FTCA. *Id.* ¶ 5, Ex. 2. Rather, Plaintiff's claim was reviewable solely under the VJRA. *Id*. On February 13, 2021, Plaintiff submitted a Request for Reconsideration and the VA again denied Plaintiff's tort claim on September 21, 2021 for the same reason. *Id*.  ¶¶ 6 and 7, Exs. 3 and 4.

## IV. PROCEDURAL HISTORY

### A. Plaintiff's Initial Complaint and It's Dismissal

On November 11, 2022, Plaintiff filed an initial Complaint against the United States of America, the VA, and Secretary Denis McDonough[3] under the FTCA for negligence. Dkt. 1 ("Compl."). Plaintiff alleged that because he was deprived of VA benefits, namely psychiatric and psychological treatment, his mental health condition declined and led to his subsequent "permanent and total disability." Compl. ¶ 18. On March 8, 2023, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 15. The Court granted Defendant's motion, finding that it lacked subject

---

[2] Ms. Rivera-Lebron's declaration and referenced exhibits were originally submitted in support of Defendant's first Motion to Dismiss (Dkt. 15) and are referenced again here.

[3] The VA and Secretary McDonough were terminated as defendants on February 28, 2023. *See* Dkt. 13 and 14.

4

matter jurisdiction as the district court was precluded from hearing Plaintiff's cases under the VJRA. *See* Dkt. 25 at 3-5. The Court did not reach Defendant's timeliness argument. *Id.*

### B.  Plaintiff's FAC

On June 12, 2023, Plaintiff filed his FAC. Dkt. 29. Unlike the original Complaint, which only alleged one cause of action for negligence, the FAC includes eight causes of action: (1) "Violation of Due Process"; (2) "Breach of Contract"; (3) "Medical Malpractice"; (4) "Negligent Infliction of Emotional Distress"; (5) "Fraud"; (6) Violation of The Privacy Act of 1974"; (7) "Breach of Fiduciary Duty"; and (8) "Negligent Hiring or Training." *Id.* The FAC asserts that subject matter jurisdiction is proper under the FTCA as "a plaintiff is entitled to bring forth medical malpractice and negligence claims against a 'health care employee' of the VA . . . ." FAC ¶ 3. However, the factual allegations in the FAC are sparse:

> FACTUAL ALLEGATIONS
>
> 5. Plaintiff is a veteran who served in the United States military.
>
> 6. Defendant had a duty to maintain and safeguard Plaintiff's service department records.
>
> 7. Defendant breached its duty of care towards Plaintiff by losing their service department records.
>
> 8. Defendant's breach of duty has resulted in significant harm and damages to Plaintiff.
>
> 9. Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records.

*Id.* ¶¶ 5-9.

### V.  ARGUMENT

#### A.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FAC

##### 1.  <u>Plaintiff's Exclusive Remedy for the Denial of His 2009 Application for VA Benefits is Through the VJRA, Not the FTCA</u>

Despite Plaintiff's attempt to avoid any explicit reference to VA benefits in his FAC, Plaintiff cannot evade the preclusive effects of the VJRA. Congress expressly

5

limited judicial review of decisions affecting veteran benefits. Section 511(a) of Title 38 states, in pertinent part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by another official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). In keeping with this mandate, the United States has established a multitiered system of judicial review created by the VJRA. See Pub. L. No. 100-687, Div. A, §101, 102 Stat. 4105 (1988) (codified in various sections of Title 38). A claimant takes any appeal of a decision denying benefits first to the Board of Veterans' Appeals—an appellate body within VA—and thereafter to the "exclusive jurisdiction" of the Court of Appeals for Veterans' Claims. 38 U.S.C. §§ 511(a), 7104(a) & 7252(a). Subsequent review is available in the Federal Circuit (38 U.S.C. § 7292(c)), and ultimately the United States Supreme Court. *See In re Russell*, 155 F.3d 1012, 1012 (8th Cir. 1998) (describing VJRA path of review). There is no review in the District Court.

Although the FAC alleges new causes of action, the fact remains that this case centers around Plaintiff's 2009 Application for VA benefits. Plaintiff relies on 38 U.S.C. § 7316, which "allows a plaintiff to initiate an action against a VA health care employee for injury resulting from a negligent medical decision, and such action may proceed under the FTCA **without being precluded by the [VJRA],**" to try to establish damages based on personal injury, malpractice or negligence, FAC ¶ 3. However, no "health care employee" was involved in the claims alleged in the FAC. Moreover, Plaintiff concedes that the alleged harm he suffered was the result of the VA failing to "provide [him] with

the benefits and entitlements that [he is] entitled to." FAC ¶ 27.

Irrespective of how the FAC's allegations are crafted, the VJRA deprives the Court of subject matter jurisdiction here. In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-1023 (9th Cir. 2012), the Ninth Circuit, sitting *en banc*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." Here, based on the allegations in Plaintiff's administrative claim, it is undeniable that Plaintiff's allegations stem from his belief that due to the VA's misplacement of his service medical records and denial of his 2009 Application, Plaintiff was unable to receive medical assistance and consequently suffered damages. Rivera-Lebron Decl., Ex. 1. Given that Plaintiff's 2009 Application for VA benefits is at the core of the FAC's allegations, asserting jurisdiction over Plaintiff's claims would require the Court to do precisely what the VJRA was designed to preclude district courts from doing. *See Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[I]f reviewing [a] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking."). Therefore, the VJRA precludes jurisdiction in this matter and Plaintiff's FAC should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

        2.    <u>Multiple Causes of Action Alleged in the FAC are Improper Under the FTCA</u>

Even assuming *arguendo* that the VJRA did not preclude jurisdiction here, the Court would still lack subject matter jurisdiction over Plaintiff's first, second, fifth, sixth and eighth causes of actions as these claims are improper under the FTCA. The FTCA grants the federal courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994). This category includes claims that are:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within

the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added). A claim comes within this jurisdictional grant if it alleges all six elements. *Meyer*, 510 U.S. at 477. Pursuant to 28 U.S.C. § 2680, however, the FTCA's waiver of sovereign immunity "shall not apply to . . . [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused" or "[a]ny claim assault, battery, false imprisonment, false arrest, malicious prosecution, **abuse of process**, libel, slander, **misrepresentation**, **deceit, or interference with contract right**." 28 U.S.C. § 2680(a), (h) (emphasis added). Accordingly, the majority the FAC's causes of actions are not cognizable under the FTCA.

In regard to Plaintiff's first cause of action, "Violation of Due Process," Plaintiff alleges that the VA's loss of Plaintiff's service records violated Plaintiff's due process rights in administrative proceedings. FAC ¶ 11. This claim, however, is not cognizable under the FTCA given that Plaintiff's claim stems from federal law, not state law, and amounts to a constitutional tort claim. "To use the terminology of *Richards* [*v. United States*, 369 U.S. 1, 6 (1962)], the United States simply has not rendered itself liable under § 1346(b) for **constitutional** tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (emphasis added) (concluding that a "constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable under § 1346(b)").

In regard to Plaintiff's second cause of action for "Breach of Contract," Plaintiff attempts to allege a claim by arguing that he entered into a contract with the Defendant when he enlisted in the military. FAC ¶ 16. Separate and apart from the fact that the FAC fails to specifically point to any contractual provision or promise to which Defendant allegedly breached, Plaintiff cannot bring a breach of contract claim under the FTCA. Breach of contract claims do not fall within the appropriate category of claims alleged

8

under the FTCA. *Hirano v. Williams*, 2017 WL 11632461 at *8 (C.D. Cal. Mar. 24, 2017) ("An action cannot be brought under the FTCA when it 'is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise.' In such a case, the action must be brought under the Tucker Act, 28 U.S.C. § 1346(a)(2).") (citing *Woodbury v. United States*, 313 F.2d 291, 296 (9th Cir. 1963)).

Plaintiff's fifth cause of action for "Fraud," is clearly barred. *See Kim v. United States*, 940 F.3d 484, 492 (9th Cir. 2019) ("Under [28 U.S.C. § 2680(h)], 'claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred.'") (citing *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981)).

In regard to Plaintiff's sixth cause of action for "Violation of The Privacy Act of 1974," Plaintiff attempts to construe the loss of his service records as a violation of his privacy rights because the records contain sensitive and confidential medical information and Defendant had a duty to protect the confidentiality of this information. FAC ¶ 36. "[W]hen the FTCA is used as the vehicle for bringing invasion of privacy or wrongful disclosure allegations against agents of the United States, the pertinent inquiry is whether the federal agents violated applicable state tort laws—not whether the federal agents violated the elements of the federal Privacy Act." *Coleman v. U.S.*, 912 F.3d 824, 835 (5th Cir. 2019); *see also United Scottish Ins. Co. v. U.S.*, 614 F.2d 188, 192 (9th Cir. 1979) (holding that plaintiffs may not base their claims on alleged breaches of a duty arising solely out of federal law when there is no corresponding duty under state tort law). Here, Plaintiff specifically asserts that his claim arises from violations of federal law, the Privacy Act of 1974, but make no reference to a corresponding duty under California law. Accordingly, Plaintiff's sixth cause of action is also improper under the FTCA.

Finally, in regard to Plaintiff's eighth cause of action for "Negligent Hiring or Training," Plaintiff alleges that the VA failed to exercise reasonable care in hiring and training its employees to ensure that they were competent and capable of properly maintaining and safeguarding Plaintiff's records. FAC ¶ 47. The discretionary function

exception retains the United States' sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). It is well-established that claims of negligent hiring, training, and supervision fall well within the discretionary function's purview. *See Nurse v. United States*, 226 F.3d 996, 1001-02 (9th Cir. 2000) (claims of negligent hiring, training, and supervision "fall squarely within the discretionary function exception."); *see also Cloes v. City of Mesquite*, 582 F.App'x 721, 729 (9th Cir. 2014) ("decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."); *Gage v. United States*, 149 F.3d 918, 920-922; *Plater v. United States*, 359 F.Supp.3d 930, 941 (C.D. Cal. 2018) (same).

Therefore, for the additional reasons stated above, Plaintiff's first, second, fifth, sixth and eighth causes of action should be dismissed with prejudice.

### 3. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's FAC is Time-Barred

In addition to the preclusion of jurisdiction under the VJRA and the fact that several of the alleged causes of action are not cognizable under the FTCA, the Court also lacks subject matter jurisdiction because Plaintiff's claims are time-barred by the FTCA's statute of limitations. Section 2401(b) of Title 28 states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date . . . of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). In *U.S. v. Kubrick*, 444 U.S. 111, 124 (1979), the Supreme Court held that a claim's accrual does not wait for the plaintiff to become aware that his injury was negligently inflicted. *Id.* at 118-122. Rather, "[a] claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury . . . ." *Id.*

at 111.

Here, Plaintiff states that "Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records." FAC ¶ 9. However, Plaintiff was previously informed of the same information in May 2010 when the VA told him his application was denied because "[n]o service medical records were available for review" and that the VA's "[e]fforts to obtain medical records from all potential sources were unsuccessful." Tapia Decl., Ex. 3. Because Plaintiff knew of both the existence and the cause of his claimed injury in May 2010, Defendant maintains that the statute of limitations for Plaintiff's administrative tort claim would have expired in May 2012. *See Kubrick*, 444 U.S. at 111; 28 U.S.C. § 2401(b). By the time Plaintiff filed his administrative claim with the VA approximately 10 years and 5 months later, the statute of limitations had run on Plaintiff's claims.

Even if the Court finds that November 25, 2019 was in fact the correct tort accrual date, Plaintiff's claim is ***still*** time-barred under Section 2401(b). The VA issued its final denial of Plaintiff's administrative tort claim on September 21, 2021, thereby requiring Plaintiff to initiate this action within six months, or by March 21, 2022. Rivera-LeBron Decl., Ex. 4; 28 U.S.C. § 2041(b). Plaintiff filed his original complaint in the District Court on November 21, 2022, exactly 14 months after receiving the VA's final denial. Therefore, Plaintiff's claim is untimely and should be dismissed with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

11

VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion to dismiss Plaintiff's FAC with prejudice.

Dated: July 17, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   /s/ Jonathan Russell Blakey
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America