Donovan J Foster
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
fostermailbox@gmail.com
1-212-920-1477

FILED
2023 AUG -4 PM 12: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ЄЄЄ

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

Donovan Foster, Pro Per, Plaintiff,
v.
United States of America, Defendant.

Case No. 2:22-cv-08522-FWS-PVC

Plaintiff's Opposition to Motion to Dismiss First Amended Complaint

COMES NOW the plaintiff, Donovan Foster, who respectfully submits this Opposition to the Defendant's Motion to Dismiss First Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff opposes the defendant's motion and respectfully requests that this honorable court denies the motion and allows this case to proceed.

I. INTRODUCTION

1. This is a civil action brought by the plaintiff against the defendant in relation to the Defendant losing the plaintiff's service department records which included service treatment records which the Defendant had a duty to ensure where available for review, production, and/or reproduction per the Federal Records Act of 1950. To be abundantly clear to the court this civil action does not have anything to do with the denial of the Plaintiff's 2009 application for VA benefits or any action the Secretary took in any regard.

2. The Defendant purposefully is attempting to inaccurately characterize this civil action to evade justice and the remedies that the FTCA provides to victims of negligence; like the Plaintiff. The plaintiff seeks redress for negligence, medical malpractice, and other tortious conduct cognizable under the FTCA on the part of the defendant.

## II. FACTUAL BACKGROUND

3. Plaintiff is a Honorable United States Armed Forces Veteran.

4. The date of injury is November 25, 2019

5. Defendant admitted for the first time November 25, 2019, that they lost or mislabeled the Plaintiff's service department records.

## III. ARGUMENT

**A. Plaintiff's Exclusive Remedy for the Denial of His 2009 Application for VA Benefits is Through the FTCA, Not the VJRA.**

6. The defendant contends that the plaintiff's exclusive remedy for the denial of his 2009 application for VA benefits is through the Veterans Judicial Review Act (VJRA) and not the Federal Tort Claims Act (FTCA). What the Defendant does not seem to understand is that this civil action has nothing to do with the Defendants denial of the Plaintiff's 2009 application for VA benefits. Furthermore in the Standard Form 95 initiating the Plaintiff's claim administratively attached Exhibit A Plaintiff never mentions the defendant's denial of the 2009 application when listing the "Basis Of Claim".

7. The Defendant is attempting to evade the jurisdiction of this court and the exclusive remedies established by Congress under the FTCA available to the court for the Plaintiff for the negligent acts committed by the Defendant.

8. Furthermore, 38 U.S.C.S. § 7316 is very clear the Plaintiff is entitled to bring forth medical malpractice and negligence claims against a healthcare employee, including clerks, of the Defendant under the FTCA, 28 U.S.C.S. § 1346. This provision allows the Plaintiff to initiate an action against a VA healthcare employee, including clerks, for injuries resulting from a negligent medical decision. Such actions may proceed under the FTCA without being required to exhaust administrative remedies under the Veterans Judicial Review Act (VJRA). This negates any argument the Defendant has concerning the court's subject matter jurisdiction.

9. The Defendant falsely states in Motion to Dismiss that Plaintiff's FAC had no culprit or "no healthcare employee… alleged". The healthcare employee and/or

any other person in the employ thereof, in a facility of and/or in the control of a governmental entity that is a culprit is named as, "Defendant". The Defendant states the factual allegations are "sparse" that is only because the Defendant has stonewalled, misrepresented facts, and blocked any attempt at retrieving information on this matter. Multiple official inquiry request have been made by the Plaintiff regarding this matter with no response to date.

10. The plaintiff respectfully disagrees with all assertions made by the Defendant and maintains that the FTCA provides the appropriate avenue for the plaintiff's claims. The plaintiff's allegations assert negligence, medical negligence, and other tortious conduct on the part of the defendant, which fall within the scope of the FTCA.

### B. Multiple Causes of Action Alleged in the FAC are Proper Under the FTCA.

11. The defendant argues that multiple causes of action alleged in the First Amended Complaint (FAC) are improper under the FTCA. However, the plaintiff respectfully asserts that the causes of action set forth in the FAC are well-founded and consistent with the FTCA. The plaintiff has alleged negligence, medical malpractice, and other tort claims arising from the defendant's actions or omissions, which are recognized under the FTCA.

### C. The Court Has Subject Matter Jurisdiction Despite the Defendant's Time-Barred Argument.

12. The defendant asserts that the court lacks subject matter jurisdiction because the plaintiff's complaint is time-barred. However, the plaintiff respectfully contends that the claims are timely filed within the applicable statute of limitations.

The date of injury is November 25, 2019. In United States v. Kubrick, 444 u.s. 111, 100 s. ct. 352, 62 .l ed. 2d 259 (1979) case the Supreme Court made it clear that there are three areas of knowledge that are of critical significance on the statute of limitations issue. They are 1) knowledge of the existence of an injury; 2) knowledge of the cause of the injury; and 3) knowledge of the legal significance of the injury. the court made it clear that the accrual of a cause of action does not depend on the third area of knowledge (legal significance) but does depend on the congruence of the first two (existence of injury and cause of injury). Furthermore it is not enough to trigger the statute of limitations that the claimant is aware of his injury if he is unaware of the act or omission which caused the injury. De Witt v. United States, 593 f. 2d 276 (7th cir. 1978); Jordan v. United States, 503 f.2d 620

(6th cir. 1974). As of November 26, 2019, the Plaintiff became aware of both the existence of an injury and most importantly the cause of the injury which was the Defendant's negligent act of losing the Plaintiff's service department records.

13. In an attempt to evade the jurisdiction of this court, and, the remedies the court has at its avail for the Plaintiff the Defendant is intentionally giving false information to the court by stating that the Plaintiff was informed that their service department records had been lost in May 2010.

Nowhere in the Rating Decision letter dated May 14, 2010 was the Defendant honest and admit to losing the Plaintiff's service department records. The verbiage used was "No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful". That could mean a myriad of things. The records could have been "unavailable for review; with all efforts to obtain service medical records from all potential sources as unsuccessful" because of a computer malfunction, a fire (which historically has happened), or cyber hacking/warfare to name a few of the myriad of reasons that could be applicable as to why the records were "unavailable".

14. Furthermore the Defendant asserts that even if the court finds that November 25, 2019 was in fact the correct tort accrual date that Plaintiff claim is still time barred under Section 2401(b).

The Plaintiff first brought this claim in front of the United States District Court For the Central District of California on March 15, 2022, case number 2:22-cv-08522-FWS-PVC the case was dismissed without prejudice by your Honor Judge Fred W. Slaughter due to lack of prosecution for failure to comply with the courts order. Allowing the Plaintiff to re-enter the complaint unchanged on November 21, 2022.

15. The plaintiff has initiated this action within the prescribed time limit in relation to the date of injury, and the defendant's argument regarding the expiration of the statute of limitations is without merit.

IV. REQUEST FOR LEAVE TO AMEND

16. In the event that this honorable court finds any deficiencies in the First Amended Complaint, the plaintiff respectfully requests leave to amend the complaint to cure any such deficiencies. The FAC was submitted without the Plaintiff having enough time to produce an amended complaint that would ensure that all relevant claims and causes of action are properly presented before the court

because the Plaintiff's former council had to be terminated forty eight hrs before the deadline for submission of the FAC. The plaintiff believes that amendment will serve the interests of justice and will ensure that all relevant claims and causes of action are properly presented before this court. A draft of the Second Amended Complaint is attached as Exhibit B.

## V. CONCLUSION

17. In conclusion, the plaintiff respectfully requests that this honorable court denies the defendant's Motion to Dismiss and allows this case to proceed on its merits in the interest of justice and so that the Plaintiff may have redress for the tortious conduct of the Defendant. Allowing the Plaintiff their day in court. The Plaintiff's claims fall within the subject matter jurisdiction of this court, the causes of action alleged in the FAC are proper under the FTCA, and the claims are not time-barred. Additionally, the plaintiff seeks leave to amend the First Amended Complaint if necessary.

WHEREFORE, the plaintiff respectfully requests that this honorable court denies the defendant's Motion to Dismiss, grants leave to amend the First Amended Complaint if the court finds deficiencies, and grants such other and further relief as deemed just and proper.

Respectfully submitted,

Donovan Foster, Pro Per
578 Washington Blvd
Marina Del Rey, CA 90292
fostermailbox@gmail.com
1-212-920-1477

# EXHIBIT A

DONOVAN J FOSTER

V.

UNITED STATES OF AMERICA

No: 2:22-cv-08522-FWS-PVC

Standard Form 95

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION AND DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR. 578 WASHINGTON BLVD NUM 312 MARINA DEL REY, CA 90292 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 08/13/1985 | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED (See instructions on reverse side).

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISOVERY IF APPLICABLE |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 2129201477 | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# Exhibit B

DONOVAN J FOSTER
VS.
UNITED STATES OF AMERICA

NO: 2:22-cv-08522-FWS-PVC

Draft Second Amended Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DONOVAN J. FOSTER, an individual,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

CASE NO: [Insert Case Number]

COMPLAINT FOR DAMAGES

Plaintiff, Donovan J. Foster, by and through undersigned counsel, brings this Complaint against the United States of America ("Defendant") and alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(b), which grants district courts original jurisdiction over suits against the United States under the Federal Tort Claims Act (FTCA). The FTCA provides a waiver of sovereign immunity for claims arising out of the negligent acts or omissions of federal employees acting within the scope of their employment.

2. Additionally, jurisdiction is proper under 38 U.S.C.S. § 7316, which gives this Court jurisdiction over the lawsuit because the Plaintiff is entitled to bring forth medical malpractice and negligence claims against a healthcare employee, including clerks, of the Department of Veterans Affairs (VA) under the FTCA, 28 U.S.C.S. § 1346. This provision allows the Plaintiff to initiate an action against a VA healthcare employee, including clerks, for injuries resulting from a negligent medical decision. Such actions may proceed under the FTCA without being required to exhaust administrative remedies under the Veterans Judicial Review Act (VJRA).

3. Venue is proper in this District under 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402(b). The Plaintiff resides in and continues to reside in Los Angeles County, which is a county within the Central District of California. Therefore, the Plaintiff is a resident of the Central District of California, making this District the appropriate venue for this action.

PARTIES

4. Plaintiff, Donovan J. Foster, is an individual residing in Los Angeles County, California.

5. Defendant, the United States of America, is a sovereign entity and is responsible for the actions and omissions of its employees acting within the scope of their employment.

FACTUAL ALLEGATIONS

1. Defendant is a Honorable United States Armed Forces Veteran.

2. Defendant admitted in writing November 25, 2019 that they lost or mislabeled the Plaintiff's service department records.

## COUNT ONE: VIOLATION OF DUE PROCESS

1. The Plaintiff had a right to receive medical care from the Defendant, as guaranteed by the Due Process Clause of the Fifth Amendment of the United States Constitution.

2. The lost Defendant the Plaintiff's service department records, which included the Plaintiff's service treatment records or medical records.

3. The Defendant failed to provide the Plaintiff with adequate procedures to recover the lost records, thereby depriving the Plaintiff of their right to receive medical care.

4. As a direct result of the Defendant's actions, the Plaintiff has suffered harm and damages, including but not limited to extreme emotional distress, medical expenses, lost earnings, lost earning capacity, pain, and suffering.

## COUNT TWO: BREACH OF CONTRACT

1. The Plaintiff entered into and faithfully performed a contract with the Defendant when they enlisted in the military. This contract outlined the terms and conditions of their service, including their duties, responsibilities, and entitlements.

2. The Defendant has breached its contract with the Plaintiff by failing to maintain and safeguard their service department records. The loss of the Plaintiff's service department records constitutes a breach of the contract between the Plaintiff and the Defendant.

3. As a direct result of the Defendant's breach of contract, the Plaintiff has suffered damages. These damages include lost earnings because the Plaintiff's service treatment records held critical information needed by the Plaintiff's private medical professional to provide appropriate medical treatment. Consequently, the Plaintiff was unable to maintain employment between the years of 2009 to the present, resulting in financial loss. The damages suffered by the Plaintiff also include severe emotional distress, including anxiety, depression, and other mental health issues, caused by the Plaintiff's diagnosed mental health disorder, which makes the Plaintiff very sensitive to stress. The Defendant's breach of contract caused a substantial amount of stress on the Plaintiff. Additionally, the Plaintiff has experienced lost business opportunities and damage to their reputation as a result of the breach of contract.

4. The breach of contract by the Defendant involved a tortious act, which further supports the Plaintiff's claim for damages.

## COUNT THREE: MEDICAL NEGLIGENCE

1. The Defendant's loss of the Plaintiff's service department records constitutes medical negligence. The Plaintiff's service department records contain important information about their medical history, including any injuries or illnesses that they may have sustained during their service.

2. As a veteran of the United States armed forces, the Defendant owed a professional duty to the Plaintiff to properly maintain and safeguard their service department records.

3. The loss of the Plaintiff's service department records has directly resulted in harm to their health and medical treatment. The Plaintiff developed an injury during their service that requires ongoing medical treatment. However, the loss of their service department records has made it

difficult for healthcare providers to determine the appropriate course of treatment, resulting in delays, misdiagnosis, or inadequate medical care.

4. As a direct result of the Defendant's breach of duty, the Plaintiff has suffered damages. These damages include severe emotional distress, as the Plaintiff has been left in a state of uncertainty and anxiety due to the inability to access their complete medical history. Additionally, the Plaintiff has experienced lost wages and lost earning capacity, as the inability of healthcare providers to access their accurate medical records had hindered the Plaintiff's ability to maintain employment and earn a living.

## COUNT FOUR: NEGLIGENCE

1. The Department of Veterans Affairs employees had a duty to take care not to damage, destroy, or lose the Plaintiff's service department records and to take necessary steps to ensure that the records were available for review, production, and/or reproduction.

2. By failing to have the service department records available for review, production, and/or reproduction, the Department of Veterans Affairs employees failed to exercise the required degree of care and breached the duty of care owed to the Plaintiff.

3. As a direct and proximate cause of the Defendants' actions, the Plaintiff suffered damages, including extreme emotional distress, loss of wages, and lost earning capacity. The Defendants' negligence in failing to properly maintain and safeguard the Plaintiff's service department records has caused significant harm and to distress the Plaintiff, resulting in emotional suffering. Additionally, the Plaintiff has experienced financial losses due to the inability to access accurate records, leading to lost wages and a diminished earning capacity.

## COUNT FIVE: FRAUD

1. The Defendant has committed fraud by misrepresenting that the Plaintiff's service department records were being properly maintained and safeguarded. The Defendant had a duty to properly maintain and safeguard the Plaintiff's service department records, and they made false representations to the Plaintiff that they were doing so.

2. The Plaintiff reasonably relied on the Defendant's representations and entrusted their service department records to the Defendant, believing that they would be properly maintained and safeguarded. The Plaintiff had no reason to doubt the Defendant's assurances and acted in good faith based on the false information provided.

3. As a direct and proximate result of the Defendant's fraudulent actions, the Plaintiff has suffered significant harm. The Plaintiff has experienced severe emotional distress due to the betrayal of trust by the Defendant. In addition, the Plaintiff has incurred financial damages, including lost wages and lost earning capacity. The Defendant's fraudulent misrepresentations have directly caused harm to the Plaintiff, both emotionally and financially.

## COUNT SIX: VIOLATION OF THE PRIVACY ACT OF 1974

1. The Defendant maintains a system of records that contains personal information about the Plaintiff. This system of records is subject to the Privacy Act of 1974, which imposes certain obligations on the Defendant to protect the privacy and confidentiality of individuals' personal information.

2. The Defendant disclosed the Plaintiff's personal information without authorization. This unauthorized disclosure constitutes a violation of the Privacy Act, as it undermines the

Defendant's duty to safeguard the Plaintiff's personal information and maintain its confidentiality.

3. The loss of these records has compromised the confidentiality of the Plaintiff's medical information and has exposed them to potential harm. The unauthorized disclosure of the Plaintiff's personal information puts them at risk of identity theft, discrimination, and other potential harms. The Defendant's failure to protect and secure the Plaintiff's personal information has resulted in a breach of trust and a violation of the Plaintiff's privacy rights.

4. As a direct and proximate result of the Defendant's violation of the Privacy Act, the Plaintiff has suffered damages, including extreme emotional distress, lost wages, and lost earning capacity. The unauthorized disclosure of the Plaintiff's personal information has caused significant distress and emotional harm. Additionally, the Plaintiff may have suffered financial losses, such as lost wages and a diminished earning capacity, as a result of potential discrimination or other adverse effects stemming from the unauthorized disclosure.

## COUNT SEVEN: NEGLIGENT HIRING OR TRAINING

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

1. The Defendant's negligence in hiring or training its employees has resulted in the loss of the Plaintiff's service department records. The Defendant had a duty to exercise reasonable care in hiring and training its employees to ensure that they were competent and capable of properly maintaining and safeguarding the Plaintiff's service department records. This duty arises from the Defendant's obligation to provide a safe and secure environment for the Plaintiff's records.

2. The Defendant breached that duty by hiring or retaining an employee who was unfit or unqualified for the job. The Defendant failed to conduct proper background checks, verify qualifications, or adequately train their employees to handle and protect sensitive records. This breach of duty directly contributed to the loss of the Plaintiff's service department records.

3. The Defendant's employees' incompetence caused the Plaintiff's injury. The negligent hiring or training of the Defendant's employees resulted in the mishandling or loss of the Plaintiff's service department records. Had the Defendant exercised reasonable care in hiring and training its employees, the loss and subsequent harm to the Plaintiff could have been avoided.

4. The Defendant's negligence in hiring or training their employee was a substantial factor in causing harm to the Plaintiff, including severe emotional distress, lost wages, and lost earning capacity. The Plaintiff has suffered significant emotional distress as a result of the Defendant's negligence, which has caused severe harm to their mental well-being. Additionally, the loss of the service department records has led to financial losses, including lost wages and a diminished earning capacity.

## COUNT EIGHT: BREACH OF FIDUCIARY DUTY

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

1. The Defendant had a fiduciary duty to act in the best interests of the Plaintiff and to protect their service department records. This fiduciary duty arises from the special relationship between the Defendant and the Plaintiff, wherein the Defendant was entrusted with the responsibility of safeguarding and maintaining the Plaintiff's service department records.

2. The Defendant has breached its fiduciary duty towards the Plaintiff by failing to properly maintain and safeguard the Plaintiff's service department records. Despite being aware of the sensitive nature of these records and their importance to the Plaintiff's business operations, the Defendant negligently failed to implement adequate security measures, failed to properly train their employees, and failed to take necessary precautions to prevent the loss or mishandling of the records.

3. The Defendant's failure to properly maintain and safeguard the Plaintiff's service department records has caused the Plaintiff harm, and the Plaintiff has suffered damages as a direct result of the Defendant's breach of fiduciary duty. The loss of the service department records has disrupted the Plaintiff's business operations, caused financial losses, and resulted in the Plaintiff's inability to provide necessary services to their customers. The Defendant's breach of fiduciary duty has directly contributed to these damages suffered by the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Hold Defendant liable for the harm and damages caused to Plaintiff;

2. Award appropriate compensation to Plaintiff;

3. Award Plaintiff their costs and expenses incurred in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Donovan Foster
578 Washington Blvd Marina Del Rey, CA 90048 fostermailbox@gmail.com