IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
08-13-2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

Donovan Foster,
Plaintiff,

v.

United States of America,
Defendant.

CASE NO: 2:22-cv-08522-FWS-PVC

**NOTICE OF MOTION BY PLAINTIFF FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION OR BOTH**

TO: THE HONORABLE Fred W. Slaughter
United States District Court
Central District of California
255 East Temple Street
Los Angeles, CA 90012-3332

PLEASE TAKE NOTICE that, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Donovan Foster, pro per, hereby gives notice of the filing of a Motion for Summary Judgment or Summary Adjudication or both in the above-captioned case.

The Motion is based on the following grounds:

1. There is no genuine dispute as to any material facts that cannot be verified by indisputable evidence, and there are no triable issues as to any material fact. The supporting evidence for this is titled Exhibit C. Exhibit C consists of two letters between the Department of Veterans Affairs and the Plaintiff. The first is a government produced document titled Decision Letter May 14, 2010 which the defendant inaccurately contends is when the defendant informed the Plaintiff that they lost their service department records and service treatment records. The second is the Decision Letter dated November 25, 2019 in which is the first time the Department of Veteran Affairs admitted to losing the plaintiff's service department records and service treatment records. These two documents show the court that the Defendant did not admit to losing the

records until November 25, 2019 and that admission was only because the plaintiff caught the defendant in what the defendant calls a "clear and unmistakable error" or CUE at which time the defendant had to either come clean and admit to losing or mislabeling the plaintiff's service department records and service treatment records or continue their attempted cover up. Letters from the government are not necessarily indisputable in court. However, the court may take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction and/or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Facts. These government produced documents upon which the court can reasonably rely indisputably establishes the accrual of a cause of action as November 25, 2019. Per United States v. Kubrick, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979), where the Supreme Court made it clear that the accrual of a cause of action depends on the congruence of knowledge of the existence of an injury and knowledge of the cause of the injury. In addition, De Witt v. United States, 593 f. 2d 276 (7th cir. 1978); Jordan v. United States, 503 f.2d 620 (6th cir. 1974). As of November 25, 2019, the Plaintiff became aware of both the existence of an injury and most importantly the cause of the injury which was the Defendant's negligent act of losing the Plaintiff's service department records. Furthermore, the defendant believes that the plaintiff's claim is time barred however the statute of limitation (SOL) under the Federal Tort Claims Act (FTCA) can be extended in certain situations. For example, if fraudulent concealment is involved, the SOL may be extended or in situations where the tortfeasor covers up the wrong or lies to the injured party may provide enough of a basis to extend the SOL. Exhibit C shows the defendant's wanton disregard for the plaintiff and the truth and shows efforts to cover up and/or conceal that they the defendant lost the plaintiff's service treatment records and service department records causing severe harm and damages to the plaintiff. This tolls the Statute of Limitation to this day. However, the plaintiff has conformed to all SOL requirements see Exhibit D which consists of the following:

a. Standard Form 95 (initiating the claim)
b. Denial Letter 1
c. Reconsideration Request
d. Denial Letter 2

e. The initiating suit for this matter case no: 2:22-cv-01702-FWS-PVC filed on March 15, 2022 well with in the statute of limitation based on the established date of injury.

2. The Plaintiff is entitled to a judgment as a matter of law. The second grounds for motion for summary judgment or summary adjudication or both is supported by the Federal Tort Claims Act (FTCA), which allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment. The Plaintiff alleges all six statutory elements of an actionable claim under the FTCA, namely:

a. The claim is against the United States.
b. The claim is for money damages.
c. The claim is for injury or loss of property, or personal injury or death.
d. The claim is caused by the negligent or wrongful act or omission of a federal employee.
e. The federal employee was acting within the scope of his office or employment at the time of the incident.
f. The circumstances are such that the United States, if a private person, would be liable to the claimant under applicable state law.

The Motion, along with the supporting documents, including the proposed order granting summary judgment or summary adjudication, or both, is scheduled to be filed with the Court on August 15, 2023. Plaintiff requests a hearing date as soon as possible following that date.

A copy of the Motion and supporting documents will be served upon the Defendant, the United States of America, in accordance with the Federal Rules of Civil Procedure via USPS First Class Mail Certified Mail Return Receipt.

DATED: August 13, 2023

Respectfully submitted,

By:
Donovan Foster, Pro Per
578 Washington Blvd NUM 312
Marina Del Rey, CA 90292
Email: fostermailbox@gmail.com
Phone: 1-212-920-1477