E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JONATHAN RUSSELL BLAKEY (Cal. Bar No. 333584)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8341
Facsimile: (213) 894-7819
E-mail: Jonathan.Blakey@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DONOVAN J. FOSTER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:22-cv-08522-FWS-PVC

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

(*Filed concurrently with the Declaration of Karen L. Rivera-Lebron*)

Hearing Date: August 17, 2023
Hearing Time: 10:00 a.m.
Location: 10D

Honorable Fred W. Slaughter
United States District Judge

## I. INTRODUCTION

In his late-filed opposition[1], Plaintiff argues that his claims are unrelated to the Department of Veterans Affairs' ("VA") denial of his 2009 Application for Compensation and/or Pension (the "2009 Application") in an attempt to avoid the jurisdictional pitfalls he previously faced. However, Plaintiff cannot bring his claims before this District Court by construing them as tort claims under the Federal Tort Claims Act ("FTCA"). Regardless of how Plaintiff now frames his claims, it is undeniable that the foundation of those claims is the VA's denial of Plaintiff's 2009 Application. Accordingly, pursuant to the Veterans' Judicial Review Act ("VJRA"), the Court is precluded from establishing subject matter jurisdiction over Plaintiff's claims.

Furthermore, Plaintiff's response to Defendant's additional arguments regarding the alleged FTCA claims are unpersuasive. Plaintiff fails to substantively respond to the fact that several of the causes of action asserted in Plaintiff's FAC are improper under the FTCA. Moreover, even if they were properly alleged under the FTCA, the claims are time-barred. For the reasons set forth below and in its Motion to Dismiss ("Motion"), Defendant requests that the Court dismiss Plaintiff's FAC with prejudice and without leave to amend.

## II. THE VJRA HOLDS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S CLAIMS

Defendant's primary argument in support of its Motion is simple: irrespective how Plaintiff frames his allegations and claimed damages, the relevant facts of this case all stem from the VA's misplacement of his service medical records and how this ultimately led to the VA's denial of his 2009 Application. As such, the Court is deprived of subject matter jurisdiction because claims concerning VA benefits may only be reviewed under

[1] Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") on July 17, 2023, and set a hearing for August 17, 2023. Dkt. 43. Pursuant to Local Rule 7-9, Plaintiff's opposition was therefore due on July 27, 2023, and Defendant's reply was due on August 3, 2023. Plaintiff filed his opposition on August 4, 2023, eight days late. Dkt. 44. Defendant filed an *ex parte* application for an order striking Plaintiff's opposition or, in the alternative, to allow Defendant additional time to file a reply. As the Court has not yet ruled on the application, Defendant hereby files this reply.

the exclusive jurisdiction of the VJRA framework before the Court of Appeals for Veterans' Claims. 38 U.S.C. § 511(a). The VJRA's preclusive effect is broad: "§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations. . . Said otherwise, the preclusion 'extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases.'" *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting *Veterans for Common Sense v. Shinseki ("VCS")*, 678 F.3d 1013, 1025 (9th Cir. 2012)). Though Plaintiff contends the FAC does not concern the VA's denial of Plaintiff's 2009 Application, this position is unavailing as Plaintiff's own opposition betrays this position.

In his opposition, Plaintiff states that his Standard Form 95 ("SF 95"), which acts as the basis of Plaintiff's claims, never references the VA's denial of his 2009 Application. Dkt. 44 ("Opp."), ¶ 6. This is patently incorrect. Contained within the SF 95's "Basis of Claim" box, Plaintiff makes clear reference to the attached demand letter for further detail." Dkt. 1-1. In the attached demand letter, Plaintiff expressly states the following:

> The denial of the [2009 application] claim decision dated May 14, 2010 precluded me from receiving needed mental health treatment from Department of Veterans Affairs facilities. In addition, the unavailability of my service department records and or service treatment records precluded me from receiving timely and effective treatment for my diagnosed Bipolar II Disorder with Anxious Distress and Post Traumatic Stress Disorder.

Declaration of Karen L. Rivera-Lebron ("Rivera-Lebron Decl."), ¶ 4, Ex. 1., p. 5-6. Moreover, Plaintiff's proposed Second Amended Complaint further establishes that this case ultimately stems from the issue of VA benefits, stating that the VA's misplacement of his records "depriv[ed] the Plaintiff of their right to receive medical care." Opp., p. 10. This statement, in addition to those contained within Plaintiff's FAC (which Defendant

highlighted in its Motion and Plaintiff failed to address in his opposition), makes clear that irrespective of Plaintiff's attempts to separate his claims from the VA's denial of his 2009 Application, the two are intrinsically intertwined and thereby deprive the Court of subject matter jurisdiction pursuant to the VJRA's framework.

Even if Plaintiff's characterization of the causes of actions and facts alleged in his FAC is accepted by the Court, the Court will nevertheless be required to inevitably engage in precisely the type of analysis the VJRA precludes: "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care without evaluating the circumstances of [Plaintiff's] requests for treatment, and determining whether the VA handled those requests properly." *VCS*, at 1028. Here, evaluation of Plaintiff's claims as written will eventually require the Court to inquire ***how*** the VA's misplacement of Plaintiff's records led to his alleged injuries. The nexus between these two issues will always lead back to the VA's denial of the 2009 Application and the impact said denial had on Plaintiff's medical condition. Courts across the country have consistently denied attempts to circumvent the VJRA in this way. *See Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983) (rejecting attempts to circumvent provisions of [§ 511] through the Privacy Act); *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) (VJRA preempts suit brought under FTCA for reduction of VA benefits as retaliatory measure); *Quarles v. U.S.*, 731 F. Supp. 428 (D. Kan. 1990) (FTCA claim alleging the National Archives negligently destroyed records needed to receive VA benefits is not cognizable); *Menendez v. U.S.*, 67 F. Supp. 2d 42 (D.P.R. 1999) (veteran plaintiff could not circumvent VJRA jurisdiction by pleading that he did not seek judicial review of the VA's decision to deny benefits while seeking injunction prohibiting the denial of VA benefits). "[A] plaintiff may not circumvent the bar on judicial review established by . . . § 511(a), by cloaking his claims regarding the denial of benefits in the garb of constitutional or other statutory violations." *Menendez*, 67 F. Supp. 2d at 46. "Regardless of how plaintiff chooses to cloak his claims, **the Court finds that his suit would force the Court to decide the issue of negligence only as a precursor to a determination**

**regarding the propriety of the denial of benefits to plaintiff**." *Id.* at 47 (emphasis added).

Finally, Plaintiff's reliance on 38 U.S.C. § 7316 is misplaced. Defendant does not dispute § 7316's applicability in the context of medical malpractice and negligence suits. Rather, Defendant merely refutes the assertion that any medical malpractice or negligent acts occurred in the instant case. Although Plaintiff claims that the VA's misplacement of his service medical records was an act of medical negligence, Plaintiff provides no legal authority to support such a claim.

Therefore, because the VJRA precludes district court review, Defendant respectfully requests that the Court dismiss the action with prejudice for lack of subject matter jurisdiction.

## III. PLAINTIFF FAILS TO SUBSTANTIVELY ADDRESS THE PROPRIETY OF HIS CLAIMS UNDER THE FTCA

In response to Defendant's argument that Plaintiff's first, second, fifth, sixth, and eighth causes of action (respectively, "Violation of Due Process," "Breach of Contract," "Fraud," "Violation of The Privacy Act of 1974," and "Negligent Hiring or Training") are improper under the FTCA, Plaintiff provides no substantive response. Instead, Plaintiff simply concludes that "the causes of action set forth in the FAC are well-founded and consistent with the FTCA," and provides no authority to support any of his claims.

Accordingly, the above claims, even if viewed as cognizable under the FTCA, should be dismissed. *See, e.g., Silva v. U.S. Bancorp*, No. 5:10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Lunn v. City of Los Angeles*, -- F.Supp.3d --, 2022 WL 4357436, at *4 (C.D. Cal. Sept. 20, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.") (citation omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *9 & n.2 (N.D. Cal. Mar. 10, 2010) (citing *Jenkins v. Cnty. Of*

*Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (dismissing claims as abandoned where the plaintiff did not oppose dismissal); *In re TFT-LCD (Flat Pan el) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned" and could not be raised on appeal).

## IV. PLAINTIFF'S CLAIMS REMAINS TIME-BARRED

Finally, Plaintiff's response to Defendant's argument that the claims are time-barred is flaw in multiple ways. To determine when a plaintiff learns of the cause of an injury, both parties rely on the Supreme Court's ruling in *U.S. v. Kubrick*, 444 U.S. 111 (1979), where the Court held that "[a] claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury . . . ." *Kubrick*, 444 U.S. at 111. Defendant maintains that these two factors were both satisfied in May 2010. On May 21, 2010, the VA mailed a letter to Plaintiff stating that (1) it had determined that Plaintiff's claimed injuries were not related to his military service, thereby denying the 2009 Application (the existence of the injury) and (2) the reasoning behind the denial: that no service medical records were found for review and all efforts to locate the service medical records were unsuccessful, i.e. the VA could not find Plaintiff's records (the cause of the injury). Dkt. 15-2.

Plaintiff argues that he did not become aware of the "Defendant's negligent act of losing the Plaintiff's service department records" until November 26, 2019. Opp., ¶ 12. However, Plaintiff ignores the fact that the May 21, 2010 letter had already informed him that the VA could not find his service medical records needed to evaluate his 2009 Application. A fact that is referenced in his own demand letter to the VA. Rivera-Lebron Decl., ¶ 4, Ex. 1., p. 5-6. Second, Plaintiff appears to claim that he only learned of his injury's cause once he was informed that the VA had "lost or mislabeled" his records in

November 2019, or in Plaintiff's words, when he learned of "Defendant's negligent act." *Id.* This position, however, is expressly rejected by the Supreme Court as the basis for calculating when an injury accrues. "We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted." *Kubrick*, 444 U.S. at 123. Even if Plaintiff may not have learned *how* or *why* the VA misplaced his service medical records until 2019, it is irrefutable that the VA informed Plaintiff of the existence of his injury (via VA's denial of his 2009 Application) and its cause (the fact that the VA lost his service medical records) in May 2010.

Nevertheless, even assuming *arguendo* that Plaintiff's injury did in fact accrue on November 25, 2019, Plaintiff's claim would still be time-barred. When the VA issued its final denial of Plaintiff's administrative tort claim on September 21, 2021 (Dkt. 15-1, Ex. 4), Plaintiff was required, pursuant to 28 U.S.C. § 2041(b), to initiate a district court action within six months, or by March 21, 2022. *See* 28 U.S.C. § 2041(b). In violation of this requirement, Plaintiff filed his initial complaint on November 21, 2022 (Dkt. 1), exactly 14 months after receiving the VA's final denial.

Plaintiff attempts to counter this fatal flaw by relying on a prior Complaint, filed on March 15, 2022, thereby making the instant action timely. However, Plaintiff's claim is incorrect. Opp., ¶ 14. Although Plaintiff did file an action on March 15, 2022 before this very Court, the March 2022 action was a separate and distinct action that was ultimately dismissed on November 21, 2022 for lack of prosecution and for failure to comply with the orders of the Court. *See Foster v. United States of America*, No. 2:22-cv-01702, Dkt. 1, 38.

On November 21, 2022, despite the failure to prosecute his original case or to comply with the Court's Orders, Plaintiff filed a factually identical Complaint, initiating this entirely new action. However, the timely filing of the original March 2022 action has no tolling effect on the instant action. In *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250 (2016), the Supreme Court reiterated that "a litigant is entitled to equitable-tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin*, 577 U.S. at 255 (quoting *Holland v. Florida*, 560 U.S. 631, 632 (2010)). The Supreme Court also reaffirmed that the second prong is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 256. Here, Plaintiff did not pursue his rights diligently, and his failure to prosecute the March 2022 action and abide by the Court's order are neither extraordinary nor beyond Plaintiff's control.

Moreover, sister courts have dealt with precisely the same issue and found that the filing of an untimely claim is not somehow made timely by the filing of a previous claim. *See Franklin Sav. Corp. v. U.S. (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004) (when evaluating FTCA claims under Section 2401(b), the "dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations") (quoting *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33,34 (11th Cir. 1982)). In *Lambert v. U.S.*, 44 F.3d 296 (5th Cir. 1995), the plaintiff filed a timely FTCA claim, but the court granted the United States's motion to dismiss on the grounds that the plaintiff failed to properly serve the government. *Lamert*, 44 F.3d at 297-299. Rather than appeal the court's dismissal, **the plaintiff "filed a second complaint against the government alleging the same facts and theories as his first suit" on the same day his original suit was dismissed**. *Id.* (emphasis added). In response, the government again moved to dismiss the case as time-barred and the court granted the motion. *Id.* In evaluating the plaintiff's claim and what effect, if any, the timely filing of his first action had on the second action, the court stated, "**the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed**." *Id.* (emphasis added).

Here, once this Court dismissed Plaintiff's initial March 2022 action, Plaintiff was left in the same procedural posture as if he had never filed his March 2022 complaint at all. Given that Plaintiff filed the initial complaint in the instant action on November 21, 2022 (Dkt. 1), exactly 14 months after the VA issued its September 21, 2021 final denial,

Plaintiff's instant action is time-barred pursuant to the six-month statute of limitations under Section 2401(b).

## V. CONCLUSION

For the reasons set forth in the Motion and above, Defendant requests that Plaintiff's FAC be dismissed with prejudice and without leave to amend.

Dated: August 15, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Jonathan Russell Blakey*
JONATHAN RUSSELL BLAKEY
Assistant United States Attorney

Attorneys for Defendant
United States of America

* The undersigned, counsel of record for Defendant United States of America, certifies that this brief complies with Judge Fred W. Slaughter's Civil Standing Order (Dkt. 19), Section VIII.c., dated March 29, 2023.