_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-08522-FWS-PVC                                    Date: August 17, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED FOR FAILURE TO APPEAR AT AUGUST 17, 2023, HEARING**

The court briefly reviews the relevant procedural history in this matter. On July 13, 2023, counsel for Plaintiff Donovan J. Foster ("Plaintiff"), Veronica M. Aguilar, filed a Motion to Withdraw as Attorney of Record ("Motion to Withdraw") and noticed a hearing date of July 27, 2023. (Dkt. 41.) On July 14, 2023, the court continued the hearing date to August 24, 2023, and reminded counsel to refer to the court's list of closed motion dates. (Dkt. 42.) The court did not grant or otherwise rule on the Motion to Withdraw. (*See generally* Dkt.) On July 17, 2023, Defendant United States of America ("Defendant") filed a Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") and noticed a hearing date of August 17, 2023. (Dkt. 43.)[1]

On August 17, 2023, the court held a hearing on Defendant's Motion to Dismiss. Plaintiff's counsel did not appear at the hearing despite there being no ruling on the Motion to

___

[1] The parties filed additional documents after July 17, 2023, including: (1) Defendant's *Ex Parte* Application to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Continue Defendant's Reply Deadline and the Motion to Dismiss Hearing, (Dkt. 47); (2) Plaintiff's Motion to Notify the Court of Attorney Disappearance and Request to Proceed Pro Per, (Dkt. 49); and (3) Plaintiff's Motion for Summary Judgment, (Dkt. 48).

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-08522-FWS-PVC | Date: August 17, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

Withdraw.  (*See generally* Dkt.)  Instead, Stephen Honda, a contract attorney, appeared on Ms. Aguilar's behalf and informed the court that Ms. Aguilar was not able to appear because she was currently on vacation until August 29, 2023.  The court notes that no leave of court was sought by Ms. Aguilar to have alternative counsel appear prior to the hearing nor was a continuance sought.  (*See generally* Dkt.)  Given the record before the court, the court continued the Motion to Withdraw, Motion to Dismiss, and other pending matters on the docket from August 17, 2023, to August 31, 2023.  (*See generally* Dkt.)

Based on Ms. Aguilar's failure to appear at the August 17, 2023, hearing, seek a continuance, or seek leave of court to have alternative counsel appear, the court **ORDERS** Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not be issued for failure to appear at the August 17, 2023, hearing by **August 30, 2023**, at **5:00 p.m**.  Plaintiff's counsel is further **ORDERED** to appear at the continued hearing on **August 31, 2023**, at **10:00 a.m.** without further order or notice from the court.

Failure to adequately comply with the court's order may result in sanctions.  *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power.").  *See also Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *Fink*, 239 F.3d at 994 ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order;

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:22-cv-08522-FWS-PVC | Date: August 17, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

**IT IS SO ORDERED**.

Initials of Deputy Clerk:  mku