FILED

2023 SEP 11  PM 3:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

1  Donovan J Foster
2  578 Washington Blvd NUM 312
3  Marina Del Rey, CA 90292
4  fostermailbox@gmail.com
5  1-212-920-1477
6
7  IN THE UNITED STATES DISTRICT COURT
8  FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
10  Donovan Foster, Pro Per, Plaintiff,
11  v.
12  United States of America, Defendant.
13
14                          Case No. 2:22-cv-08522-FWS-PVC
15
16
17  **Plaintiff's Opposition to Motion to Dismiss First**
18  **Amended Complaint**
19
20
21  COMES NOW the plaintiff, Donovan Foster, who
22  respectfully submits this Opposition to the Defendant's
23  Motion to Dismiss First Amended Complaint, pursuant to
24  Rule 12(b)(1) of the Federal Rules of Civil Procedure.
25  The plaintiff opposes the defendant's motion and
26  respectfully requests that this honorable court denies the
27  motion and allows this case to proceed.
28

# I. INTRODUCTION

This is a civil action brought by the plaintiff against the defendant in relation to the Defendant losing the plaintiff's service department records which included service treatment records which the Defendant had a duty to ensure where available for review, production, and/or reproduction per the Federal Records Act of 1950. To be abundantly clear to the court this civil action does not have anything to do with the denial of the Plaintiff's 2009 application for VA benefits or any action the Secretary took or did not take in any regard.  This civil action is based on alleged negligence, medical malpractice and/or medical negligence, and other tortious acts unrelated to the administration of benefits.

The Defendant purposefully is attempting to inaccurately characterize this civil action to evade justice and the remedy that the FTCA provides to victims of negligence; like the Plaintiff. The plaintiff seeks redress for negligence, medical malpractice, and other tortious conduct cognizable under the FTCA on the part of the defendant.

# II. FACTUAL BACKGROUND

Plaintiff is a Honorable United States Armed Forces Veteran.

Defendant admitted for the first time November 25, 2019, that they lost or mislabeled the Plaintiff's service department records to included service treatment records.

## III. ARGUMENT

A. Plaintiff's Exclusive Remedy Is Through the FTCA.

The defendant contends that the plaintiff's exclusive remedy for the denial of his 2009 application for VA benefits is through the Veterans Judicial Review Act (VJRA) and not the Federal Tort Claims Act (FTCA). However, this civil action has nothing to do with the Defendants denial of the Plaintiff's 2009 application for VA benefits. Furthermore in the Standard Form 95 initiating the Plaintiff's claim administratively attached Exhibit C Plaintiff never mentions the defendant's denial of the 2009 application when listing the "Basis Of Claim". While the Plaintiff during negotiations prior to this civil action in a hopes to provide a wide view of the harms caused by the Defendant's actions does state in the Demand Letter that accompanied Standard Form 95 the following: "The denial of the claim decision dated May 14, 2010 precluded me from receiving needed mental health treatment from Department of Veterans Affairs

facilities. In addition, the unavailability of my service department records and or service treatment records precluded me from receiving timely and effective treatment for my diagnosed Bipolar II Disorder with Anxious Distress and Post Traumatic Stress Disorder." however that is not the only harm caused by the Defendant's tortious conduct and is not the basis of this claim or this subsequent lawsuit as evident by Standard Form 95.

It is essential to clarify that the Plaintiff's claims are not within the exclusive jurisdiction of the Court of Appeals for Veterans' Claims (CAVC) as per 38 U.S.C. §§ 511(a) and 7104(a). The VJRA primarily concerns benefit determinations and does not cover the alleged negligence and other wrongful acts attributed to the Defendant in this case.

The Defendant is attempting to evade the not only justice but jurisdiction of this court and the exclusive remedy established by Congress under the FTCA available to the court for the Plaintiff for the negligent acts committed by the Defendant.

Furthermore 38 U.S.C.S. § 7316 makes clear that, at a minimum, a plaintiff may bring medical malpractice and negligence claims against a "health care employee" of the VA under the Federal Tort Claims Act (FTCA), 28

U.S.C.S. § 1346. Said otherwise, when a plaintiff brings an action against a VA health care employee (meaning the professionals and related support staff listed in 38 U.S.C.S. § 7316(a)(2)) alleging injury from a negligent medical decision, the action may proceed under the FTCA and is not barred by the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, 102 Stat. 4105 (1988). Given that the FTCA provides the exclusive means for resolving such claims, district courts have jurisdiction to hear them.

Notwithstanding the expansive scope of § 511's preclusion of judicial review, VCS acknowledged that District Courts continue to have jurisdiction to hear some claims brought by individual veterans under the FTCA. The FTCA gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  It is noted in VCS that we had previously considered a veteran's FTCA claim and held that jurisdiction was appropriate because his claim that he did not receive a timely and correct diagnosis "would not 'possibly have any effect on the benefits [the veteran] has already been awarded.'" Id. at

1023 (quoting and citing Littlejohn v. United States, 321 F.3d 915, 921 (9th Cir. 2003)). VCS therefore recognized that the FTCA "specifically confers jurisdiction on federal district courts to hear" claims involving medical negligence. Id. at 1023 n.13.

Sister circuits have reached similar conclusions. In Thomas v. Principi, for instance, the D.C. Circuit held that it had jurisdiction under the FTCA over the veteran's claims that the VA negligently failed to inform the veteran about his diagnosis. See 394 F.3d 970, 973-75, 364 U.S. App. D.C. 326 (D.C. Cir. 2005). While acknowledging the broad definition of "benefit" in § 511, the D.C. Circuit rejected "any implication that all action or inaction by the VA represents a type of 'service,' and therefore automatically constitutes a 'benefit.'" Id. at 975. For instance, "if a VA doctor left a sponge inside a patient during surgery, section 511 would permit an FTCA malpractice suit in district court." Id. By contrast, claims that the VA "failed to render the appropriate medical services" because it denied the veteran's request for benefits "would require the district court 'to determine first whether the VA acted properly' in providing [the veteran] benefits." Id. (quoting Price v. United States, 228 F.3d 420, 422, 343 U.S. App. D.C. 302 (D.C. Cir. 2000)). The D.C. Circuit ultimately concluded that the veteran's negligence and malpractice claims did not raise any "questions of law [or] fact necessary to a decision by the

Secretary under a law that affects the provision of benefits" for purposes of § 511, and that the claims could therefore proceed under the FTCA. Id. at 974-75 (alteration in original) (quoting 38 U.S.C. § 511); see also Anestis v. United States, 749 F.3d 520, 524, 528 (6th Cir. 2014) (holding that a veteran could bring an FTCA claim for medical malpractice against a VA intake clerk.

The Defendant falsely states in Motion to Dismiss that Plaintiff's FAC had no culprit or "no healthcare employee… alleged". The healthcare employee and/or any other person in the employ thereof, in a facility of and/or in the control of a governmental entity that is a culprit is named as, "Defendant".

The Defendant states the factual allegations are "sparse" that is only because the Defendant has stonewalled, misrepresented facts, and blocked any attempt at retrieving information on this matter. Multiple official inquiry request have been made by the Plaintiff regarding this matter with no response to date.

The plaintiff respectfully disagrees with all assertions made by the Defendant and maintains that the FTCA provides the appropriate avenue for the plaintiff's claims. The plaintiff's allegations assert negligence, medical negligence, and other tortious conduct on the part of the defendant, which fall within the scope of the FTCA.

## B.  Causes of Action Alleged in the FAC are Proper Under the FTCA

The defendant argues that multiple causes of action alleged in the First Amended Complaint (FAC) are improper under the FTCA. However, the plaintiff respectfully asserts that the causes of action set forth in the FAC are well-founded and consistent with the FTCA. The plaintiff has alleged negligence, medical malpractice, and other tort claims arising from the defendant's actions or omissions, which are recognized under the FTCA.

The Defendant asserts that the Plaintiff's first cause of action "Violation of Due Process" is improper under the FTCA. Under California Tort law, an individual may bring a claim for violation of due process if they can establish the following elements: 1. Deprivation of a protected liberty or property interest: The plaintiff must demonstrate that they were deprived of a constitutionally protected interest, such as liberty or property, without proper procedural or substantive due process. 2. State action: The deprivation must be caused by a government entity or someone acting under the authority of the government. 3. Lack of adequate process: The plaintiff must show that they were not afforded the proper procedures or that the procedures followed were fundamentally unfair or unreasonable. 4. Damages: The

plaintiff must demonstrate that they suffered actual damages as a result of the due process violation.

The Defendant argues that the second cause of action "Breach of Contract" claim is not proper under the FTCA. However, this claim does not solely rely on an alleged government promise but asserts that the Defendant failed to fulfill obligations that are inherent in the Plaintiff's military service. The FTCA allows claims that arise from the government's negligent or wrongful acts or omissions, and the breach of contract claim squarely falls within this category.

The Defendant argues that the fifth cause of action "Fraud" claim is barred under 28 U.S.C. § 2680(h). However, this provision refers to fraud or misrepresentation by federal officers, which is distinguishable from the Plaintiff's claim. The Plaintiff's fraud claim is based on the alleged mishandling of service records, not fraudulent acts by government officials. Consequently, the fraud claim should not be precluded under 28 U.S.C. § 2680(h).  In addition California recognizes the tort of fraud which is a form of civil wrongdoing. The Plaintiff is able to bring a civil lawsuit to seek damages for the harm caused by Plaintiff.

The Defendant asserts that the sixth cause of action
"Violation of The Privacy Act of 1974" claim is improper
under the FTCA, as it relies solely on federal law and fails
to establish a corresponding duty under state tort law.
However, The Privacy Act of 1974, 5 U.S.C. § 552a, does
create a duty to safeguard individuals' private information.
The Plaintiff's claim arises from alleged violations of
federal law and California State law which recognizes
several privacy-related torts, including public disclosure
of private facts these torts provide individuals with legal
remedies for privacy violations, allowing them to seek
damages for harm caused by the invasion of their privacy.

The Defendant argues that the eighth Cause of Action
"Negligent Hiring or Training" claim falls within the
discretionary function exception. While discretionary
functions are immune from suit under the FTCA, the
Plaintiff's claim is not based on discretionary decisions
but on alleged negligence in hiring and training
employees. The Ninth Circuit has consistently held that
claims of negligent hiring, training, and supervision are
not subject to the discretionary function exception.

If the court does find that one or more of the causes of
action are improper under the FTCA the Plaintiff
respectfully requested that the court recognizes the
validity of the remaining causes of actions. Dismissing
the entire case based solely on the non-cognizable causes

of actions would be premature and unjust, as it disregards the valid and viable claims asserted by the Plaintiff.

**C. The Court Has Subject Matter Jurisdiction Despite the Defendant's Time-Barred Argument.**

The defendant asserts that the court lacks subject matter jurisdiction because the plaintiff's complaint is time-barred. However, the plaintiff respectfully contends that the claims are timely filed within the applicable statute of limitations.

The date of injury is November 25, 2019. In United States v. Kubrick, 444 u.s. 111, 100 s. ct. 352, 62 .l ed. 2d 259 (1979) case the Supreme Court made it clear that there are three areas of knowledge that are of critical significance on the statute of limitations issue. They are 1) knowledge of the existence of an injury; 2) knowledge of the cause of the injury; and 3) knowledge of the legal significance of the injury. the court made it clear that the accrual of a cause of action does not depend on the third area of knowledge (legal significance) but does depend on the congruence of the first two (existence of injury and cause of injury). Furthermore it is not enough to trigger the statute of limitations that the claimant is aware of his

injury if he is unaware of the act or omission which caused the injury. De Witt v. United States, 593 f. 2d 276 (7th cir. 1978); Jordan v. United States, 503 f.2d 620 (6th cir. 1974). As of November 26, 2019, the Plaintiff became aware of both the existence of an injury and most importantly the cause of the injury which was the Defendant's negligent act of losing the Plaintiff's service department records.

In an attempt to evade the jurisdiction of this court, and, the remedy the court has at its avail for the Plaintiff the Defendant is intentionally giving false information to the court by stating that the Plaintiff was informed that their service department records had been lost in May 2010. Nowhere in the Rating Decision letter dated May 14, 2010 Exhibit D was the Defendant honest and admit to losing the Plaintiff's service department records.  The verbiage used was "No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful". That could mean a myriad of things. The records could have been unavailable for review…with all efforts to obtain service medical records from all potential sources as unsuccessful because of a computer malfunction, a fire (which historically has happened), or cyber hacking/warfare to name a few of the myriad of reasons that could be applicable as to why the records were "unavailable".

In addition, the Defendant asserts that even if the court finds that November 25, 2019 was in fact the correct tort accrual date that Plaintiff claim is still time barred under Section 2401(b).

The Plaintiff first brought this claim in front of the United States District Court For the Central District of California on March 15, 2022, case number 2:22-cv-08522-FWS-PVC the case was dismissed without prejudice by your Honor Judge Fred W. Slaughter due to lack of prosecution for failure to comply with the courts order. Allowing the Plaintiff to re-enter the complaint unchanged on November 21, 2022.

In addition, the tortfeasor concealed their involvement in the tort which allows for equitable tolling or the suspension of the SOL. The defendant to this day actively conceals their involvement in the tort, making it difficult for the Plaintiff to discover the harm or identity the responsible party. The elements necessary for equitable tolling i.e. concealment, lack of knowledge, reasonable diligence have been met.

Also, this claim does have a date of injury that is continuous.

The plaintiff  has initiated this action within the prescribed time limit in relation to the date of injury, and

the defendant's argument regarding the expiration of the statute of limitations is without merit.

## IV. Request For Leave To Amend

In the event that this honorable court finds any deficiencies in the First Amended Complaint, the plaintiff respectfully requests leave to amend the complaint to cure any such deficiencies. The FAC was submitted without the Plaintiff having enough time to produce an amended complaint that would ensure that all relevant claims and causes of action are properly presented before the court because the Plaintiff's former council had to be terminated forty-eight hrs before the deadline for submission of the FAC. The plaintiff believes that amendment if necessary will serve the interests of justice and will ensure that all relevant claims and causes of action are properly presented before this court.

## V. CONCLUSION

In conclusion, the plaintiff respectfully requests that this honorable court denies the defendant's Motion to Dismiss and allows this case to proceed on its merits in the interest of justice and so that the Plaintiff may have redress for the tortious conduct of the Defendant. Allowing the Plaintiff

their day in court.  The Plaintiff's claims fall within the subject matter jurisdiction of this court, the causes of action alleged in the FAC are proper under the FTCA, and the claims are not time-barred. Additionally, the plaintiff seeks leave to amend the First Amended Complaint if necessary.

WHEREFORE, the plaintiff respectfully requests that this honorable court denies the defendant's Motion to Dismiss, grants leave to amend the First Amended Complaint if the court finds deficiencies, and grants such other and further relief as deemed just and proper.

Respectfully submitted,

Donovan Foster, Pro Per
578 Washington Blvd
Marina Del Rey, CA 90292
fostermailbox@gmail.com
1-212-920-1477

# EXHIBIT C
Donovan J Foster v United States of America
Standard Form 95
Case 2:22-cv-08522-FWS-PVC

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION AND DEPARTMENT OF VETERANS AFFAIRS | DONOVAN J. FOSTER JR. 578 WASHINGTON BLVD NUM 312 MARINA DEL REY, CA 90292 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 08/13/1985 | SINGLE | 11/26/2019 | 11:00PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY OR BY SOMEONE IN THE EMPLOY THEREOF, IN A FACILITY OF AND OR IN THE CONTROL OF YOUR GOVERNMENTAL ENTITY HAS CAUSED INFINITE ENDLESS HARM AND OR PERSONAL INJURY TO MYSELF THE CLAIMANT. PLEASE SEE ATTACHED DEMAND LETTER FOR FURTHER DETAIL.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

MY SERVICE DEPARTMENT RECORDS WERE LOST OR MISLABELED. THIS FLAGRANT NEGLIGENT ACT BY YOUR GOVERNMENTAL ENTITY HAS CAUSED PERMANENT DEBILITATING INJURY AND POST TRAMATIC STRESS DISORDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | TO BE DETERMINED IN PRE-TRIAL DISCOVERY IF APPLICABLE | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| NONE | $92,288,776,984.00 | | $92,288,776,984.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 2129201477 | 10/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# EXHIBIT D
Donovan J Foster v United States of America
Case 2:22-cv-08522-FWS-PVC



**DEPARTMENT OF VETERANS AFFAIRS**
**Hartford Regional Office**
**P.O. Box 310909**
**Newington, CT 06131-0909**

**DONOVAN FOSTER**

**VA File Number**
**600 80 1521**

**Rating Decision**
**May 14, 2010**

## INTRODUCTION

The records reflect that you are a veteran of the Gulf War Era. You served in the Army from October 10, 2007 to July 23, 2008. You filed an original disability claim that was received on October 6, 2009. Based on a review of the evidence listed below, we have made the following decisions on your claim. No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date, this decision will be reconsidered.

## DECISION

1 . Service connection for missing part of the pointer finger is denied.

2 . Service connection for back condition is denied.

3 . Service connection for depression is denied.

DONOVAN FOSTER
600 80 1521
Page 2

## EVIDENCE

- VA Form 21-526 Application for Compensation and/or Pension Benefits received on October 6, 2009
- Duty to assist letter dated November 10, 2009
- Letter to you dated December 10, 2009
- Report of general information dated December 21, 2009
- Letter to you dated January 20, 2010
- Letter to you dated March 3, 2010
- Report of general information dated April 14, 2010
- Report of general information dated April 19, 2010
- Report of general information dated April 28, 2010
- Letter to you dated May 3, 2010

## REASONS FOR DECISION

### 1. Service connection for missing part of the pointer finger.

A claim for service connection requires evidence of a current disability, evidence of incurrence or aggravation of a disease or injury in service, and evidence of a nexus or link, between the in-service injury or disease and the current disability. Service connection may also be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date, this decision will be reconsidered. Service connection for missing part of the pointer finger is denied since this condition neither occurred in nor was caused by service.

On the duty to assist letter dated January 20, 2010 we indicated that we needed evidence that established that the missing part of the pointer finger existed from the time of military service to the present. To date, we have not received any evidence which establishes that the missing part of the pointer finger existed from military service to the present. Without such evidence we are unable to establish service connection. Therefore, your claim for service connection for missing part of the pointer finger is denied.

### 2. Service connection for back condition.

A claim for service connection requires evidence of a current disability, evidence of incurrence or aggravation of a disease or injury in service, and evidence of a nexus or link, between the in-service injury or disease and the current disability. Service connection may also be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. No service medical records were available for review. Efforts to obtain service medical records from all potential sources were unsuccessful. If these records are located at a later date, this

DONOVAN FOSTER
600 80 1521
Page 3

decision will be reconsidered.    Service connection for missing part of the pointer finger is denied since this condition neither occurred in nor was caused by service.

On the duty to assist letter dated January 20, 2010 we indicated that we needed evidence that established that the back condition existed from the time of military service to the present.  To date, we have not received any evidence which establishes a current back condition and a link between the back condition and your time in military service.  Without such evidence we are unable to establish service connection.  Therefore, yoru claim for service connection for a back condition is denied.

### 3.  Service connection for depression as secondary to missing part of the pointer finger.

Service connection may be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby.  The evidence does not show that missing part of the pointer finger is related to service.  Therefore, service-connection for depression on a secondary basis to this condition cannot be established.  There is also no evidence showing depression was incurred in or aggravated by military service.

On the duty to assist letter dated January 20, 2010 we indicated that we needed evidence that established that depression existed from military service to the present time or a link between the depression and your missing part of the pointer finger.   To date, we have not received any evidence which establishes a current diagnosis of depression and a link between the depression and the missing part of the pointer finger.  Without such evidence we are unable to establish service connection.  Therefore, your claim for service connection for depression is denied.

### REFERENCES:

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.