UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-08522-FWS-PVC                                   Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1]  (Dkt. 43.)  On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp.").  (Dkt. 58.)  On September 14, 2023, Defendant filed a Reply ("Reply").  (Dkt. 60.)  On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission.  (Dkt. 61.)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

I.   **Procedural Background**

The court briefly reviews the relevant procedural history of this case.  On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD").  (*See* Dkt. 1 ¶¶ 14, 17.)  Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

---

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-08522-FWS-PVC | Date: December 14, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

Compensation and/or Pension to the VA.  (*Id.* ¶ 15.)  The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located.  (*Id.*)  On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled.  (*Id.* ¶ 16.)  Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers.  (*Id.* ¶ 17.)  The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records.  (*Id.* ¶¶ 22-29.)  The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled.  (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend.  (Dkt. 25.)  Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits.  (*Id.*)  On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. 29.)

**II.   Summary of Allegations of the FAC**

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records.  (FAC ¶¶ 5-48.)  Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.  (*Id.* ¶ 3.)  Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training.  (*Id.*)

**III.  Legal Standard**

     a.  Rule 12(b)(1) Motion to Dismiss

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                        Date: December 14, 2023

Title: Donovan J. Foster v. The United States of America *et al.*

___

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

**IV.**     **Discussion**

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                              Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*
_____

under the Federal Tort Claims Act. (*Id.* at 7-10.) Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations. (*Id.* at 10-11.) For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

     a. <u>The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA</u>

     In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability). The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261). The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)). Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'" *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

     "In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'" *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022). The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

_____
**CIVIL MINUTES – GENERAL**                                                                    4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-08522-FWS-PVC | Date: December 14, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-08522-FWS-PVC | Date: December 14, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

      b. The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-08522-FWS-PVC | Date: December 14, 2023 |
| Title: Donovan J. Foster v. The United States of America *et al.* | |

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA.  (*See generally* Dkt. 25.)  Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction.  Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

V.   **Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.  The Clerk of Court is directed to **CLOSE** this matter.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

___