UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: August 11, 2025
Title: Donovan J. Foster v. The United States of America, et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER STRIKING POST-DISMISSAL FILING [67]**

On November 21, 2022, Plaintiff initiated this action by filing a Complaint. (Dkt. 1.) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.) In the FAC, Plaintiff alleged he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard Plaintiff's service records. (FAC ¶¶ 5-48.) Plaintiff also asserted the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserted eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

On December 14, 2023, the court granted Defendants' motion to dismiss the FAC for lack of subject matter jurisdiction. (Dkt. 62.) The court found that it lacked jurisdiction over this matter under Section 511(a) of the Veterans' Judicial Review Act ("VJRA"), which deprives Article III district courts of jurisdiction over veterans' suits concerning their benefits. (*Id.*)

On January 4, 2024, Plaintiff filed a Notice of Appeal. (Dkt. 63.) The appeal is still pending before the United States Court of Appeals for the Ninth Circuit, in Case No. 24-140.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: August 11, 2025
Title: Donovan J. Foster v. The United States of America, et al.

Now pending is another Complaint and Request to Proceed In Forma Pauperis ("IFP request"), which Plaintiff filed on August 5, 2025, and which the Clerk docketed for this action on the same date. (Dkt. 67.) The allegations of this latest Complaint are substantially similar to the allegations in the FAC that was dismissed for lack of subject matter jurisdiction on December 14, 2023. (*Compare* Dkt. 29 *with* Dkt. 67.)

On August 5, 2025, the Clerk issued a deficiency notice. (Dkt. 68.) The notice informed Plaintiff that a complaint is an initiating document filed during case opening and that a request for IFP should be filed separately using the correct event. (*Id.*) The notice also informed Plaintiff that the court may take appropriate action that may include ordering that the document be stricken. (*Id.*)

The court finds that the appropriate course is to strike the post-dismissal Complaint and IFP request, which are precluded from consideration due to the court's earlier dismissal for lack of subject matter jurisdiction. "A judgment dismissing an action for lack of subject matter jurisdiction ordinarily has no preclusive effect on the cause of action originally raised, but it does have a preclusive effect on the matter actually litigated," the question of jurisdiction. *Tucker v. Secretary of Health and Human Services*, 588 F. App'x 110, 114 (3d Cir. 2014) (citing *Kasap v. Folger Nolan Fleming and Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir.1999) ("[E]ven a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated")); *see also Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023) (discussing "jurisdictional issue preclusion"). "Issue preclusion applies when '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" *Love*, 73 F.4th at 754 (citing *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)).

Here, the jurisdictional issue "was actually litigated and decided in the . . . district court. Moreover, the issues involved in the prior action and in the [post-dismissal Complaint] are identical, and the parties had a fair opportunity to litigate before the . . . district court. Therefore, absent other considerations, issue preclusion is available, and [Plaintiff] is bound by the prior [jurisdictional] determination." *Love*, 73 F.4th at 755; *see also Muniz Cortes v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC Date: August 11, 2025
Title: Donovan J. Foster v. The United States of America, et al.

*Intermedics, Inc.*, 229 F.3d 12, 14 (1st Cir. 2000) (dismissal for lack of subject matter jurisdiction "precludes relitigation of issues determined in ruling on the jurisdictional question"); *North Georgia Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432–33 (11th Cir. 1993) (dismissal of complaint for lack of jurisdiction adjudicates court's jurisdiction, and second complaint cannot command second consideration of same jurisdictional claim); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (2d Cir. 1983) (although appellate court in affirming dismissal for lack of subject matter jurisdiction did so "without prejudice," this statement did not defeat effect of judgment with respect to issue preclusion on issues of jurisdiction); *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411–1413 (8th Cir. 1983) (dismissal of suit for lack of federal subject matter jurisdiction precludes relitigation of same issue of subject matter jurisdiction in second federal suit on same claim); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (*per curiam*) (same). Because the jurisdictional issue has already been fully litigated, the post-dismissal Complaint should be stricken.

In sum, Plaintiff's post-dismissal filing is ordered stricken**.** (Dkt. 67.)

**IT IS SO ORDERED**.

Initials of Deputy Clerk: