**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DENIS MCDONOUGH, Secretary,

Defendants - Appellees.

No. 24-140

D.C. No. 2:22-cv-08522-FWS-PVC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Donovan Foster appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction his action under the Federal Tort Claims Act

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging negligence related to veterans' benefits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1078 (9th Cir. 2018). We affirm.

The district court properly dismissed Foster's action because his claims relate to benefits administered by the Department of Veterans Affairs ("VA"), and therefore the United States Court of Appeal for Veterans Claims and the Court of Appeals for the Federal Circuit have exclusive jurisdiction over them. *See* 38 U.S.C. § 511(a) (under the Veterans' Judicial Review Act ("VJRA"), the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans"); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (explaining that the VJRA generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

Cir. 2017). We instruct the district court to amend the order to reflect that the dismissal of this action is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.

**AFFIRMED with instructions to amend the order.**