FILED

CLERK, U.S. DISTRICT COURT

5/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, | Case No. 2:22-cv-08522-FWS-PVC |
| Plaintiff, | Related Ninth Circuit Appeal No. 24-140 |
| v. | Assigned to: Hon. Fred W. Slaughter |
| | Magistrate Judge: Hon. Pedro V. Castillo |
| UNITED STATES OF AMERICA; | |
| UNITED STATES DEPARTMENT OF | |
| VETERANS AFFAIRS; DENIS | |
| McDONOUGH, Secretary, | |
| Defendants. | |

**PLAINTIFF'S NOTICE OF ISSUANCE OF NINTH CIRCUIT MANDATE**

**AND REQUEST FOR ENTRY OF MANDATE-COMPLIANCE ORDER**

**AMENDING DKT. 62**

**TO THE COURT AND ALL PARTIES OF RECORD:**

Plaintiff Donovan J. Foster, appearing pro se, respectfully gives notice that the United States Court of Appeals for the Ninth Circuit has issued its formal mandate in the related appeal, Ninth Circuit Case No. 24-140, and respectfully requests entry of a narrow mandate-compliance order amending Dkt. 62 to reflect that the dismissal of this action is without prejudice, consistent with the Ninth Circuit memorandum disposition and formal mandate.

No hearing is requested unless the Court determines that one is necessary.

**I. PROCEDURAL BACKGROUND**

On December 14, 2023, the Court entered Dkt. 62, Order Granting Defendant's

Motion to Dismiss, which granted Defendant United States of America's motion and dismissed the First Amended Complaint with prejudice. Dkt. 62 also directed the Clerk of Court to close the matter.

On October 23, 2025, the Ninth Circuit issued a memorandum disposition in Foster v. United States of America, et al., No. 24-140, affirming the dismissal for lack of subject matter jurisdiction. The Ninth Circuit stated that a dismissal for lack of subject matter jurisdiction should be without prejudice and instructed the district court to amend the order to reflect that the dismissal of this action is without prejudice.

On April 1, 2026, the Ninth Circuit denied the petition for panel rehearing and petition for rehearing en banc, denied all pending motions and requests, and stated that no further filings would be entertained in the closed appellate case.

On April 9, 2026, the Ninth Circuit issued the formal mandate. The mandate states that the judgment entered October 23, 2025 takes effect on April 9, 2026, and that the document constitutes the formal mandate under Rule 41(a) of the Federal Rules of Appellate Procedure.

## II. NARROW REQUEST

Plaintiff respectfully requests that the Court enter the concurrently submitted proposed order amending Dkt. 62 only to reflect that the dismissal of this action is without prejudice, consistent with the Ninth Circuit memorandum disposition and formal mandate.

Plaintiff does not seek Rule 60(b) relief, Rule 15 relief, leave to amend, reopening, merits adjudication, a new complaint, damages relief, or any FTCA tort merits determination. The requested relief is limited to conforming Dkt. 62 to the Ninth Circuit memorandum disposition and formal mandate by reflecting that the dismissal is without prejudice.

Because Plaintiff appears pro se, and to avoid any unintended construction,

Plaintiff respectfully requests that this filing be construed only as a narrow mandate-compliance request and not as any motion seeking additional relief.

## III. LOCAL RULE 7-3 AND HEARING STATEMENT

This filing is submitted as a narrow Notice and Request for implementation of the appellate mandate, not as a noticed motion. No hearing is requested. To the extent the Court determines that any further Local Rule 7-3 conferral or motion procedure is required before entry of the proposed mandate-compliance order, Plaintiff respectfully requests leave to comply with any procedure the Court directs without expanding the limited relief requested here.

## IV. EXHIBITS

Exhibit A - Dkt. 62, Order Granting Defendant's Motion to Dismiss.

Exhibit B - Ninth Circuit Memorandum Disposition.

Exhibit C - Ninth Circuit Order Denying Panel Rehearing and Rehearing En Banc.

Exhibit D - Ninth Circuit Formal Mandate.

## V. CONCLUSION

For these limited reasons, Plaintiff respectfully requests entry of a narrow mandate-compliance order amending Dkt. 62 to reflect that the dismissal of this action is without prejudice, consistent with the Ninth Circuit memorandum disposition and formal mandate.

Dated: May 15, 2026

Respectfully submitted,

/s/ Donovan J. Foster

Donovan J. Foster

Plaintiff Pro Se

West Hollywood, California

Telephone: 1-212-920-1477

Email: fostermailbox@gmail.com