FILED

CLERK, U.S. DISTRICT COURT

5/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jji_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, | Case No. 2:22-cv-08522-FWS-PVC |
| Plaintiff, | Related Ninth Circuit Appeal No. 24-140 |
| v. | Assigned to: Hon. Fred W. Slaughter |
| | Magistrate Judge: Hon. Pedro V. Castillo |
| UNITED STATES OF AMERICA; | |
| UNITED STATES DEPARTMENT OF | |
| VETERANS AFFAIRS; DENIS | |
| McDONOUGH, Secretary, | |
| Defendants. | |

**DECLARATION OF DONOVAN J. FOSTER IN SUPPORT OF NOTICE AND REQUEST FOR ENTRY OF MANDATE-COMPLIANCE ORDER AMENDING DKT. 62**

I, Donovan J. Foster, declare as follows:

1. I am the Plaintiff in this action and submit this declaration in support of the accompanying Notice of Issuance of Ninth Circuit Mandate and Request for Entry of Mandate-Compliance Order Amending Dkt. 62.

2. This declaration is limited to identifying and authenticating the attached court-record exhibits for the Court's convenience in connection with the requested mandate-compliance order.

3. Attached as Exhibit A is a true and correct copy of Dkt. 62, Order Granting Defendant's Motion to Dismiss, entered in this action.

4. Attached as Exhibit B is a true and correct copy of the Ninth Circuit Memorandum Disposition issued in Appeal No. 24-140.

1

5. Attached as Exhibit C is a true and correct copy of the Ninth Circuit Order Denying Panel Rehearing and Rehearing En Banc issued in Appeal No. 24-140.

6. Attached as Exhibit D is a true and correct copy of the Ninth Circuit formal mandate issued in Appeal No. 24-140.

7. I do not submit this declaration to present merits facts, medical facts, damages facts, or legal argument.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 15, 2026, at West Hollywood, California.

/s/ Donovan J. Foster

Donovan J. Foster

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DONOVAN J. FOSTER,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; DENIS
McDONOUGH, Secretary,

    Defendants.

Case No. 2:22-cv-08522-FWS-PVC

Related Ninth Circuit Appeal No. 24-140

Assigned to: Hon. Fred W. Slaughter

Magistrate Judge: Hon. Pedro V. Castillo

## EXHIBIT LIST

Plaintiff submits the following exhibits in support of the Notice and Request for Entry of Mandate-Compliance Order Amending Dkt. 62:

Exhibit A - Dkt. 62, Order Granting Defendant's Motion to Dismiss.

Exhibit B - Ninth Circuit Memorandum Disposition.

Exhibit C - Ninth Circuit Order Denying Panel Rehearing and Rehearing En Banc.

Exhibit D - Ninth Circuit Formal Mandate.

Dated: May 15, 2026

Respectfully submitted,

1

/s/ Donovan J. Foster

Donovan J. Foster

Plaintiff Pro Se

West Hollywood, California

Telephone: 1-212-920-1477

Email: fostermailbox@gmail.com

# Exhibit A

Dkt. 62, Order Granting Defendant's Motion to Dismiss

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                    Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [43]**

Before the court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Donovan J. Foster's ("Plaintiff") First Amended Complaint ("Motion" or "Mot.").[1]  (Dkt. 43.)  On September 11, 2023, Plaintiff opposed the Motion ("Opposition" or "Opp.").  (Dkt. 58.)  On September 14, 2023, Defendant filed a Reply ("Reply").  (Dkt. 60.)  On September 25, 2023, having found the matter appropriate for decision without oral argument, the court took the matter under submission.  (Dkt. 61.)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.

## I.  Procedural Background

The court briefly reviews the relevant procedural history of this case.  On November 21, 2022, Plaintiff filed a Complaint alleging he is a U.S. Army veteran who suffers from Bipolar II Disorder and Post-Traumatic Stress Disorder ("PTSD").  (*See* Dkt. 1 ¶¶ 14, 17.)  Per the allegations of the Complaint, in October 2009, Plaintiff submitted an Application for

---

[1] The Motion is brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Because the court ultimately concludes it lacks subject matter jurisdiction over this action, it does not reach the merits of Defendant's Rule 12(b)(6) motion and proceeds to evaluate the Complaint under the framework applicable to Rule 12(b)(1) motions.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                          Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Compensation and/or Pension to the VA. (*Id.* ¶ 15.) The VA denied his application on May 13, 2010, because his service department and/or treatment records were unavailable and could not be located. (*Id.*) On November 26, 2019, the VA informed Plaintiff by letter that his service department records had been lost or mislabeled. (*Id.* ¶ 16.) Plaintiff alleges the denial of his claim prevented him from receiving necessary mental health treatment from the VA and delayed his ability to receive timely treatment from other providers. (*Id.* ¶ 17.) The Complaint asserts a single cause of action for negligence based on the VA's alleged failure to maintain Plaintiff's service and medical records. (*Id.* ¶¶ 22-29.) The Complaint alleges the VA's failure prevented Plaintiff from receiving treatment for his conditions for approximately ten years and allegedly caused Plaintiff's conditions to worsen, such that he is now completely disabled. (*Id.*)

On May 12, 2023, the court dismissed the Complaint for lack of subject matter jurisdiction, with leave to amend. (Dkt. 25.) Specifically, the court concluded it lacked subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. 511(a), which divests district courts of jurisdiction over suits brought by veterans regarding their benefits. (*Id.*) On June 12, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 29.)

## II.    Summary of Allegations of the FAC

In the FAC, Plaintiff again alleges he is a veteran, Defendant failed to maintain and safeguard his service records, and Plaintiff was harmed during his "administrative hearings" by Defendant's failure to maintain and safeguard his service records. (FAC ¶¶ 5-48.) Plaintiff also asserts the court has subject matter jurisdiction over this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (*Id.* ¶ 3.) Based on these allegations, Plaintiff asserts eight causes of action for violation of his right to due process, breach of contract, medical malpractice, negligent infliction of emotional distress, fraud, violation of the Privacy Act of 1974, 5 U.S.C. § 552a, breach of fiduciary duty, and negligent hiring or training. (*Id.*)

## III.   Legal Standard

      a.  Rule 12(b)(1) Motion to Dismiss

_____

**CIVIL MINUTES – GENERAL**                                                    **2**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                    Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant's challenge under the Rule may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id.*

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations in doing so. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## IV.   Discussion

Defendant moves to dismiss this action on several grounds. (*See generally* Mot.) First, Defendant moves under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction over Plaintiff's claim under the Veterans' Judicial Review Act ("VJRA"). (Mot. at 5-7.) Second, Defendant argues that even if the VJRA does not divest the court of jurisdiction, dismissal is appropriate because multiple causes of action alleged in the FAC are improper

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                    Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

under the Federal Tort Claims Act.  (*Id.* at 7-10.)  Third, Defendant argues Plaintiff's claims are time-barred under the FTCA's two-year statute of limitations.  (*Id.* at 10-11.)  For the reasons discussed below, the new claims in the FAC do not alter the court's conclusion that it lacks subject matter jurisdiction over this action.

    a.   <u>The Court Lacks Jurisdiction Over this Matter Under Section 511(a) of the VJRA</u>

In 1988, Congress enacted the VJRA, which deprived Article III district courts of jurisdiction over veterans' suits concerning their benefits.  *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020-23 (9th Cir. 2012) (en banc) (discussing history of judicial review of VA decisions and the VJRA's effect on reviewability).  The VJRA "place[s] responsibility for reviewing decisions" of the VA Regional Offices and the Board of Veterans' Appeals in the U.S. Court of Appeals for Veterans Claims ("Veterans Court").  *Id.* at 1021 (citing 38 U.S.C. §§ 7251, 7261).  The Veterans Court has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting 38 U.S.C. § 7252(a)), and may "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary," *id.* (quoting 38 U.S.C. § 7261(a)(1)).  Decisions of the Veterans Court are in turn "reviewed exclusively by the Federal Circuit, which 'shall decide all relevant questions of law, including interpreting constitutional and statutory provisions.'"  *Veterans for Common Sense*, 678 F.3d at 1022 (quoting 38 U.S.C. § 7292(d)(1)) (citing 38 U.S.C. §§ 7292(a), (c)).

"In addition to establishing this exclusive pathway for judicial review of benefits decisions, Congress enacted a new provision, eventually codified at 38 U.S.C. § 511, to 'broaden the scope' of the prior preclusion provision and 'limit outside "court intervention" in the VA decisionmaking process.'"  *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1022).  The statute provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans," 38 U.S.C. § 511(a), which are "final and conclusive and may not be reviewed by any other official or by any court" with certain exceptions not implicated here, *see id.* § 511(b).

_____

**CIVIL MINUTES – GENERAL**                                                   **4**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                    Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

"[Section] 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations." *Tunac*, 897 F.3d at 1202 (quoting *Veterans for Common Sense*, 678 F.3d at 1025). Section 511 also precludes district courts' judicial review of "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and the "decisions that may affect such cases." *Veterans for Common Sense*, 678 F.3d at 1025-26 (citations omitted). But it does not bar "certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) (quoting *Veterans for Common Sense*, 678 F.3d at 1034) (citation omitted).

In this case, the court concludes it lacks jurisdiction over Plaintiff's claims under § 511(a). The Ninth Circuit, sitting *en banc* in *Veterans for Common Sense*, observed that "[s]ection 511 undoubtedly would deprive [district courts] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *See* 678 F.3d at 1026. In that case, the Ninth Circuit held that a district court lacks jurisdiction under § 511(a) where it would require "evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly" because "there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care" without doing so. *Id.* at 1028.

Plaintiff's causes of action—though framed differently than in the original Complaint—still seek a determination from the court that the VA was negligent in how it handled Plaintiff's request for mental health treatment and that the VA's denial created an injurious delay in Plaintiff's receipt of necessary care. For example, although Plaintiff argues his claims arise under the FTCA rather than the VJRA, he repeats in the Opposition that Defendant's denial of his 2009 application for compensation or pension benefits "precluded me from receiving needed mental health treatment from Department of Veteran Affairs facilities" and "precluded me from receiving timely and effective treatment for my diagnosed Bipolar II disorder with Anxious

_____

**CIVIL MINUTES – GENERAL**                                                              **5**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                    Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

Distress and Post Traumatic Stress Disorder." (Opp. at 3-4.) The FAC also includes multiple allegations that the VA was negligent toward Plaintiff and caused him harm by delaying his medical care. (*See, e.g.*, FAC ¶¶ 19-29.) In summary, Plaintiff's claims require the court to engage in the prohibited analysis of "evaluating [Plaintiff's] circumstances" and his "request[] for treatment" to determine "whether the VA acted in a timely and effective manner in regard to the provision of mental health care." *See Veterans for Common Sense*, 678 F.3d at 1028. Accordingly, § 511(a) divests the court of subject matter jurisdiction over Plaintiff's claims.

Because Plaintiff has not adequately demonstrated that his claims fall outside the scope of the VJRA, the court concludes that it lacks jurisdiction over Plaintiff's claims. Given that the court lacks jurisdiction over Plaintiff's claims, it does not reach the merits of Defendant's arguments regarding the scope of the FTCA and the relevant statute of limitations. *See Tunac*, 897 F.3d at 1201 (noting court would first determine whether it had jurisdiction over the complaint before reaching "the government's argument that [the plaintiff's] complaint is barred by the statute of limitations").

     b.  The Court Denies Leave to Amend

"In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

_____

**CIVIL MINUTES – GENERAL**                                                                 **6**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-08522-FWS-PVC                     Date: December 14, 2023
Title: Donovan J. Foster v. The United States of America *et al.*

At this juncture, the court has previously dismissed Plaintiff's Complaint for lack of subject matter jurisdiction and explained in its prior dismissal order that the court's review of this case was precluded by Section 511 of the VJRA. (*See generally* Dkt. 25.)  Though the court granted Plaintiff leave to file a FAC, the court finds, as discussed above, that Plaintiff's claims in the FAC are again subject to dismissal for lack of subject matter jurisdiction. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and denies Plaintiff leave to amend his claims.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming denial of leave to amend where "Plaintiffs have had ample opportunity to properly plead a case and have failed to do so").

## V.    Disposition

For the reasons set forth above, the court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the First Amended Complaint.  The Clerk of Court is directed to **CLOSE** this matter.


**IT IS SO ORDERED.**


Initials of Deputy Clerk:  mku

_____

# Exhibit B

Ninth Circuit Memorandum Disposition

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONOVAN FOSTER,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS; DENIS<br>MCDONOUGH, Secretary,<br><br>        Defendants - Appellees. | No. 24-140<br><br>D.C. No. 2:22-cv-08522-FWS-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025[**]

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Donovan Foster appeals pro se from the district court's order dismissing for

lack of subject matter jurisdiction his action under the Federal Tort Claims Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging negligence related to veterans' benefits.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

Procedure 12(b)(1).  *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899

F.3d 1076, 1078 (9th Cir. 2018).  We affirm.

The district court properly dismissed Foster's action because his claims

relate to benefits administered by the Department of Veterans Affairs ("VA"), and

therefore the United States Court of Appeal for Veterans Claims and the Court of

Appeals for the Federal Circuit have exclusive jurisdiction over them.  *See* 38

U.S.C. § 511(a) (under the Veterans' Judicial Review Act ("VJRA"), the VA

"shall decide all questions of law and fact necessary to a decision by the Secretary

under a law that affects the provision of benefits by the Secretary to veterans");

*Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012)

(en banc) (explaining that the VJRA generally precludes district court jurisdiction

over claims relating to or affecting veterans' benefits decisions, "even if the

veteran dresses his claim as a constitutional challenge, and even where the veteran

has challenged some other wrongful conduct that, although unrelated to the VA's

ultimate decision on his claim, affected his or her benefits proceeding" (citations

omitted)).  However, a dismissal for lack of subject matter jurisdiction should be

without prejudice.  *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

24-140

Cir. 2017).  We instruct the district court to amend the order to reflect that the dismissal of this action is without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The clerk will maintain Docket Entry Nos. 29, 33, 45, and 57 under seal.

**AFFIRMED with instructions to amend the order.**

24-140

# Exhibit C

Ninth Circuit Order Denying Panel Rehearing and Rehearing En Banc

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DONOVAN FOSTER, | No. 24-140 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-08522-FWS-PVC<br>Central District of California,<br>Los Angeles |
| v. | ORDER |
| UNITED STATES OF AMERICA; et al., |  |
| Defendants - Appellees. |  |

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  *See* Fed. R. App. P. 40.

The petition for panel rehearing and petition for rehearing en banc (Docket Entry No. 67) are denied.

All pending motions and requests are denied.

No further filings will be entertained in this closed case.

# Exhibit D

Ninth Circuit Formal Mandate

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONOVAN FOSTER,

      Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA; et al.,

      Defendants - Appellees.

No. 24-140

D.C. No.
2:22-cv-08522-FWS-PVC

Central District of California,
Los Angeles

MANDATE

The judgment of this Court, entered October 23, 2025, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to

Rule 41(a) of the Federal Rules of Appellate Procedure.

               FOR THE COURT:

               MOLLY C. DWYER
               CLERK OF COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN J. FOSTER, | Case No. 2:22-cv-08522-FWS-PVC |
| Plaintiff, | Related Ninth Circuit Appeal No. 24-140 |
| v. | Assigned to: Hon. Fred W. Slaughter |
| UNITED STATES OF AMERICA; | Magistrate Judge: Hon. Pedro V. Castillo |
| UNITED STATES DEPARTMENT OF | |
| VETERANS AFFAIRS; DENIS | |
| McDONOUGH, Secretary, | |
| Defendants. | |

**CERTIFICATE OF SERVICE AND EDSS SUBMISSION STATEMENT**

I, Donovan J. Foster, certify as follows:

1. I am the Plaintiff in this action and submit this Certificate of Service and EDSS Submission Statement in connection with the accompanying mandate-compliance materials.

2. I am submitting the following documents to the Clerk of the Court through the Court's Electronic Document Submission System (EDSS):

    a. Plaintiff's Notice of Issuance of Ninth Circuit Mandate and Request for Entry of Mandate-Compliance Order Amending Dkt. 62;

    b. Declaration of Donovan J. Foster;

    c. Exhibit List;

    d. Exhibits A through D; and

    e. [Proposed] Order Amending Dkt. 62 in Compliance With Ninth Circuit Mandate.

3. On May 15, 2026, concurrently with this EDSS submission, I caused a true and correct copy of the foregoing documents to be served by electronic mail on counsel of record for Defendants as follows:

1

Alarice M. Medrano

Counsel of Record for Defendants

Office of the United States Attorney, Civil Division

300 North Los Angeles St., Suite 7516

Los Angeles, CA 90012-3341

alarice.medrano@usdoj.gov

4. This service is made by electronic mail using the counsel-of-record email address identified to Plaintiff for Defendants. The office address listed above is included for counsel identification and court-service reference.

5. This service is in addition to any notice the Clerk of Court or the Court's electronic systems may generate upon acceptance and docketing of the EDSS submission.

6. This certificate does not certify that the Clerk has accepted, filed, or docketed the EDSS submission before the Clerk acts on the submission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 15, 2026, at West Hollywood, California.

/s/ Donovan J. Foster

Donovan J. Foster

Plaintiff Pro Se

West Hollywood, California

Telephone: 1-212-920-1477

Email: fostermailbox@gmail.com

2